THE DIME SAVINGS BANK OF WATERBURY *vs.* PAUL F. MCALENNEY ET AL.

Third Judicial District, New Haven, June Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In order to justify a finding that a claim was duly presented against the estate of a deceased person, it is not enough that at some unknown time and in some unknown way within the period limited for such presentation the executor derived knowledge of the existence of the claim from the creditor. It must at least appear that the creditor has said or done something for the purpose of acquiring a status for his claim which would entitle it to share in the assets of the estate.

The plaintiff held a note and mortgage deed made by *C*, of whose will the defendant was executor and also the sole legatee and devisee. After *C's* death the defendant paid interest on the note to the plaintiff for several years, until it was discovered that the mortgage was void inasmuch as *C* never had any title to the land. *Held* that these payments of interest did not tend so much to prove the due presentation of the note against the estate, as they did an in-

tention of the parties to continue the loan on the strength of the supposedly valid mortgage security.

Submitted on briefs June 3d—decided October 7th, 1903.

ACTION to recover damages for breach of covenant, or in lieu thereof the amount of a mortgage note, brought to the Superior Court in New Haven County, where a demurrer to the substituted complaint was overruled (*Ralph Wheeler, J.*) and the case was tried to the court, *Shumway, J.;* facts found, judgment rendered for the plaintiff, and appeal by the defendant. *Error and judgment reversed.*

February 29th, 1888, Joseph Cassidy of Waterbury owed the plaintiff $1,800, as evidenced by his note therefor payable on demand, with interest semi-annually in advance. On that day, to secure said note, he executed to the plaintiff a mortgage deed of a certain piece of land in his possession, which mortgage contained the usual covenants of a warrantee deed. Said note is still owned by the plaintiff and unpaid. January 19th, 1890, Cassidy died, still possessed of the land and leaving an estate, consisting mostly of realty, which estate amounted to more than $20,000 over and above all debts and liabilities. He left a will in which he gave all his property to the defendant McAlenney. McAlenney was named executor, and qualified. He inventoried the mortgaged premises, entered into possession of them, and settled the estate. Six months from and after February 5th, 1890, were limited for the presentation of claims. In March, 1891, McAlenney began to pay the interest upon said mortgage note as it accrued, and continued to do so until March, 1895. During all this time both McAlenney and the plaintiff believed that the latter's mortgage was a valid one. Shortly after March, 1895, McAlenney became aware of a defect in his title which he had theretofore believed to be a good one, and so notified the plaintiff. Litigation was soon begun, which, in March, 1897, terminated in the successful assertion by another of a title paramount to that of Cassidy at the date of the mortgage, the acquisition by that person of the possession of the land, and an adjudication that Cassidy had

no interest therein at the time of his mortgage to the defendant, and that said mortgage was void and of no effect. November 22d, 1898, and again later, the plaintiff exhibited to the defendant as executor its claim against the estate for the amount of its damages arising from said eviction and from the breach of the covenant of warranty contained in said mortgage. The executor refusing payment, the present action was begun on said day. The substituted complaint, upon which the trial was had, alleged not only the exhibitions of claim above recited, but also that the plaintiff had exhibited its claim upon the note to the executor within the six months limited for the presentation of claims. The other pertinent facts are sufficiently stated in the opinion.

*Nathaniel R. Bronson* and *Cornelius J. Danaher*, for the appellants (defendants).

*Edward F. Cole*, for the appellee (plaintiff).

PRENTICE, J. This action was originally brought against the defendant in his individual capacity. After a demurrer to the complaint had been sustained in part, a substitute complaint was filed. This having been demurred to with the same result as before, the defendant in his capacity as executor was cited in as a party defendant, and another complaint substituted. Another demurrer followed, which was overruled. After the pleadings had passed through sundry other vicissitudes unimportant to notice, an answer was filed and the case went to trial to the jury. After the evidence was closed the case was taken from the jury and submitted to the court for decision.

The last substituted complaint, in a single count, was apparently framed for the purpose of furnishing a basis for a judgment either for the amount due upon the note, or for the damages arising from a breach of the covenant of warranty contained in the mortgage deed, as the proof might warrant. No exception was taken to its form, and we therefore need take none.

The court, from the evidence, found that no exhibition of a claim for a breach of warranty had been seasonably made, and therefore adjudged that the plaintiff was not entitled to recover for such breach. It was, however, found that within the time limited for the presentation of claims against the estate, the plaintiff exhibited its claim under the note to the defendant executor. Judgment was accordingly rendered against him in that capacity for the amount of said note and interest.

It is difficult to discover from the record and the transcript of the proceedings which is before us, in connection with the appeal, what right the court had to render a judgment such as was rendered. In its demurrer filed to the second special defense in the answer, the plaintiff expressly declared that the cause of action sued upon was one based upon the eviction, and none other. This statement was more than once reiterated during the trial. When the case was taken from the jury and submitted to the court for decision, it was conceded by all concerned that the plaintiff could have judgment only in the event that there had been a proper and seasonable presentation of the claim for the breach of warranty, and the sole question submitted was, as we read the record, upon this point. Upon this question the court ruled adversely to the plaintiff, but proceeded to find what counsel had disclaimed his ability to prove, to wit, a due presentation of a claim upon the note, and to render a judgment therefor. As the appellant, however, has, in his appeal, failed to clearly take advantage of this aspect of the case, we pass to a consideration of other questions involved.

The subordinate facts from which the court's conclusion that there had been a due presentation of the claim under the note was drawn, are stated in the finding as follows: " It did not appear from the evidence precisely at what time nor in what manner the existence of the note secured by the mortgage given by said Cassidy to the plaintiff bank was made known to the defendant, or when or in what manner said note was presented to him as executor as a claim against the estate. I find that soon after administration of the estate

was granted to the defendant the existence of the note as a claim against the estate was made known to him by said plaintiff bank, and the defendant began in March, 1891, to pay the interest on said note, and continued to pay the same until March, 1895 ; and as a conclusion therefrom I find the allegation in paragraph 18 of the substituted complaint to be true."

An examination of this statement, taken in connection with the facts disclosed by the record, shows that the fact of exhibition within the meaning and intent of the law was found upon the following subordinate facts alone : (1) knowledge on the part of the executor of the existence of the claim ; (2) the derivation of such knowledge from the plaintiff ; and (3) payment of interest on the note for the four years named. With respect to the first two of these subordinate facts, it will be noticed that there is no finding of any act done or word spoken by the plaintiff, or by any one in its behalf, which was either actuated by a purpose to put this note in a position to claim payment out of the estate, or which evidenced, or was intended to evidence, any such purpose. The finding is barren of fact or incident transpiring prior to the expiration of the time limited for the presentation of claims indicative of an intention on the plaintiff's part to establish for its claim a status which should entitle it to share in the division of the assets of the estate. All that appears is that at some time unknown and in some way unknown, either with or without purpose, knowledge of the existence of the claim passed from the plaintiff to the executor. This we have heretofore held is not enough. *Brown & Bros.* v. *Brown*, 56 Conn. 249 ; *Pike* v. *Thorp*, 44 id. 450.

So far as the interest payments are concerned, neither these nor anything in connection with or attending them could by any possibility amount to a seasonable exhibition of a claim based upon the mortgage note, or the legal equivalent of such exhibition, since the first payment was not made until seven months after the time limited for the presentation of claims had expired, and the plaintiff's claim became barred. Conduct which began in March, 1891, was too late to be ef-

fective in accomplishing a presentation prior to August 6th, 1890.

As evidence of a prior presentation, these ˮinterest payments—made as they were by one who was the equity owner as well as the executor, and made apparently for the most part, if not wholly, after the settlement of the estate—could have no significance, since they were more in consonance with an intention on the part of the parties that the mortgage loan was to remain a continuing one than one that it was to be paid out of the estate in settlement.

It follows that the court, in finding the essential fact of a seasonable exhibition by the plaintiff to the defendant executor of its claim under the note, must have either misconceived the legal requirements of such an exhibition, or found the fact without evidence.

There is error and the judgment is reversed.

In this opinion the other judges concurred.