THE DIME SAVINGS BANK OF WATERBURY *vs.* PAUL F. McALENNEY, EXECUTOR.

Third Judicial District, New Haven, June Term, 1905.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In a former action between the same parties, the complaint alleged a right in the plaintiff to recover, either the amount of a promissory note made by the defendant's testator, or damages for the breach of his covenant of warranty in the mortgage deed given to secure such note; but final judgment therein was rendered in favor of the defendant, upon the ground that neither claim had been, seasonably presented against the testator's estate. *Held* that upon the well settled principle of *res judicata* another suit for either of these causes of action was barred by the former judgment.

Argued June 9th—decided July 14th, 1905.

ACTION to recover damages for the breach of a covenant of warranty, brought to the Superior Court at Waterbury and tried to the jury before *Case, J.;* verdict for the plaintiff, which the trial court on motion of the defendant set aside as against the evidence, and appeal by the plaintiff. *No error.*

*Edward F. Cole*, for the appellant (plaintiff).

*Cornelius J. Danaher*, for the appellee (defendant).

TORRANCE, C. J. To understand the questions involved in the present case it is necessary to refer briefly to a former case between the present parties which is reported in 76 Conn. 141. In that report the facts upon which the plaintiff founded its right to recover are sufficiently stated, and need not be repeated in detail here. From those facts it appears that the plaintiff in that case claimed to recover against the estate of Joseph Cassidy, deceased, upon either of two grounds: (1) upon the note given by Cassidy in his lifetime to the plaintiff, which the complaint alleged had been duly presented against his estate within the time limi-

ted for presenting claims; or (2) upon the covenant of warranty made by him in the mortgage deed given to secure the note aforesaid, which covenant the complaint alleged had been broken by the eviction of the plaintiff from the mortgaged premises by title paramount, as set forth in the complaint. The defendant contended that neither the note aforesaid, nor the claim for damages for covenant broken, had been presented against the estate within the time prescribed by law; and these were the important contested issues in the case in the trial court. Upon the evidence in the case that court found that the claim upon the note had, and that the claim for damages for breach of covenant had not, been presented within the time prescribed by law; and therefore adjudged that the plaintiff was not entitled to recover upon the breach of warranty, but was entitled to recover the amount of the note and interest, and rendered judgment accordingly. From that judgment the defendant took an appeal to this court, and in the finding on which the appeal was based the trial court set forth all the subordinate facts upon which it reached the conclusion that the note had been seasonably presented against the estate. This court held that the subordinate facts found did not support that conclusion, and thereupon reversed the judgment of the trial court based upon that conclusion. Subsequently, pursuant to the said decision and judgment of this court, final judgment in said cause was rendered by the trial court in favor of the defendant. After this, in January, 1904, the present suit was brought.

The record in the former case is made a part of the record in this case. The complaint in the present case sets forth substantially the same facts as were set forth in the complaint in the former case, and the right of recovery is based upon one of the grounds of recovery set up in the former case, namely, the same breach of the same covenant by the same eviction, as was alleged, contested, and decided by the trial court in the former case. In short, the only substantial difference between the two complaints is this: that in the former the right to recover was based upon the note and

also upon the breach of covenant, while in the latter it is based upon the breach of covenant alone. In his answer in the present case the defendant set up divers defenses, and among them one setting up the existence of the final judgment in the former suit as a bar to the present suit. Issue was joined on this defense. In support of his answer the defendant offered in evidence the record of the final judgment in the former case, and it was admitted; and from that record it clearly and conclusively appeared that the claim to recover, made by the plaintiff in the present suit, was made and determined against it in the former suit. Upon principle, then, the right of the plaintiff to recover for breach of covenant, having been decided against it in the former suit, cannot be litigated anew in this suit. *Munson* v. *Munson*, 30 Conn. 425, 433; *Sargent & Co.* v. *New Haven Steamboat Co.*, 65 id. 116; *Wildman* v. *Wildman*, 70 id. 700; *Storrs* v. *Robinson*, 77 id. 207.

Under these circumstances, the verdict of the jury in favor of the plaintiff upon the issue of *res judicata* was manifestly against the weight of the undisputed evidence in the case, and was properly set aside by the trial court.

The plaintiff in its brief appears to claim that its right to recover damages for breach of covenant was not properly in issue in the former case, and so could not properly be determined in that case. It is now too late to make such a claim available. Of the complaint in the former case this court said: "The last substituted complaint, in a single count, was apparently framed for the purpose of furnishing a basis for a judgment either for the amount due upon the note, or for the damages arising from a breach of the covenant of warranty contained in the mortgage deed, as proof might warrant. No exception was taken to its form, and we therefore need take none." *Dime Savings Bank* v. *McAlenney*, 76 Conn. 141, 143. In addition to this, the parties and the trial court, in the former trial, treated the case as one involving both the claims upon the note and upon the breach of warranty, and the case was tried and determined upon the theory that both claims were involved therein.

Under these circumstances the claim made in the brief may properly be disregarded.

None of the reasons of appeal assigned are well taken, and in the view we have taken of the case it is unnecessary to consider them in detail.

There is no error.

In this opinion the other judges concurred.