NATHAN M. WRIGHT, JR., Admr. *vs.* A. FRED ROBERTS.

APRIL 14, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1) *New Trial. Affidavits. Rules of Court.*

Law rule superior court 20, provides in any motion for new trial "in case counter affidavits are admissible, they shall be filed at least three days before the hearing, unless otherwise allowed by the court".

*Held*, that where counter affidavits were filed the day before the hearing, and were considered, it came within the qualification of the rule, and no abuse of discretion being claimed or surprise, defendant was not injured.

*(2)   Filing Claims Against Estate after Year.*

Filing of claims against an estate after one year is permissible only if the estate has not been distributed.

*(3)   Probate Law.   Distribution.   Notice.*

While the statute provides for notice to interested parties on orders of distribution, notice may be dispensed with if all parties entitled thereto assent in writing to the court proceeding without notice (G. L. 1923, c. 360, s. 8), and under Gen. Laws, cap. 370, sec. 13, an administrator who makes distribution and thereafter renders his account, may be credited with the same, if "after notice" it appears that the distributee would have been entitled to an order for such payment and the probate court may by decree allow the account, and the sole party interested in the estate has the right to waive notice of action on the final account so as to give the court power to act.

*(4)   Probate Law.   Claims Against Estate.   Knowledge of Administrator.*

Claims against estates until legally filed despite the administrator's knowledge of them, apart from unusual circumstances give claimants no standing as creditors or parties interested in the estate.

*(5)   Distribution.   Notice.*

Gen. Laws, 1923, cap. 367, sec. 9, providing for payment to distributees "by order of the probate court", does not limit cap. 370, sec. 13, permitting an administrator to make distribution and include it in his final account and thereafter obtain a decree allowing same.

PROBATE APPEAL.   Heard on exceptions of appellees and overruled.

BARROWS, J.   Heard on exceptions to decision in two cases tried together without a jury in the Superior Court. Both involve the same legal questions.

Amy A. W. Willward was executrix of the will of William Willward, deceased in 1889.   She died intestate in Providence and Nathan M. Wright, Jr., having been appointed administrator, published his first notice of appointment on April 18, 1924.   A. Fred Roberts asserted an interest under the will of William Willward.   This claim Wright knew of, but never conceded its validity.   At times prior to April 23, 1925, he discussed the claim with Roberts' attorney.   The claim was not filed in the Municipal Court by Roberts

within one year of Wright's advertisement of his appointment although Roberts knew of the necessity for so doing. On April 19, 1925, Roberts' claim if as a creditor of Amy A. W. Willward, was barred. G. L. 1923, C. 365, s. 3 (5496). The only party then interested in her estate as shown by the records was Mary E. Brayton, the sole distributee. On April 24, 1925, notice of hearing being waived in writing by Mary E. Brayton, Wright's final account, showing no balance on hand after payment of all bills and payment of Mrs. Brayton as sole distributee of cash on hand and delivery to her of stock certificates duly endorsed by Wright as administrator under date of April 23, 1925, was considered and allowed by the Municipal Court. No appeal was taken therefrom.

About June 1st, Roberts' attorney discovered that the account had been allowed. Recognizing his lack of standing to appeal he filed a petition in the Municipal Court seeking to vacate the decree of April 24, 1925, and to permit him, Roberts, to file his claim out of time against the estate of Amy A. W. Willward. G. L. 1923, C. 365, s. 3 (5496). After a hearing on June 1st, the decree was vacated, permission to file claim granted and the decree entered, which is the basis of the present case. On June 3rd, Roberts filed a petition to be appointed administrator d. b. n. c. t. a. on the estate of William Willward and, the same having been granted on June 23, 1925, a decree allowing him as such administrator to file a claim out of time against the estate of Amy A. W. Willward was entered. From these two decrees appeals were taken by Wright to the Superior Court. They were heard on oral testimony and decision reversing them because not made "before distribution of the estate" was rendered on November 5, 1925. Roberts' notices of intention to prosecute exceptions individually and as administrator were filed November 6th.

On November 12th, Roberts claimed to have newly discovered evidence that the testimony given by Wright showing an actual distribution by him on April 23, was

incorrect and based thereon a motion for a new trial. A few days later Roberts filed affidavits in support of his motion and asked that the same be set down for hearing. This was done *ex parte* and thereafter, on motion of Wright's counsel, the court vacated the assignment and set down the motion for a later day at which time a hearing was had wherein the affidavits filed by Roberts were considered together with counter affidavits filed by Wright on the day before the hearing instead of three days before as required by Superior Court Law Rule 20. The motion was denied. To this denial of Roberts' motion for a new trial he again excepts individually and as administrator.

(1) There is no merit to Roberts' exception to the vacating of the date for the original hearing on his motion for new trial or to the consideration of the counter affidavits. Rule 20 is to prevent surprise to the adversary party, and to enable the court to have all the evidence before it. The rule is qualified by the phrase "unless otherwise allowed by the court". Affidavits were otherwise allowed here. No abuse of the court's discretion is claimed, no surprise placed Roberts at a disadvantage.

As to the merits of the court's action in refusing a new trial on the ground of newly discovered evidence, we have examined the affidavits and they merely show in detail the handling of the stocks and money. They are not inconsistent with Wright's evidence that he had parted with all beneficial interest as administrator prior to April 24, 1925, and thereafter dealt with the property solely as counsel for Mrs. Brayton. Under some circumstances Wright's dual roll of administrator and personal attorney for the sole beneficiary might cause suspicion as to whether an actual distribution had been made but the counter affidavits and documentary evidence and the handling of Mrs. Brayton's money in a special account leave no doubt that Wright's action in endorsing checks made to him as administrator by the brokers selling the stocks received by Mrs. Brayton as distributee was purely formal. He acted only as a conduit. To avoid

the delays, expense and formalities attaching to stock transfers in numerous jurisdictions, it is not an uncommon practice to handle them as was done here. In this we see no impropriety. The broker's check simply followed the form of the stock certificate, and its handling shows that it never was treated by Wright as part of the estate of Amy A. W. Willward.

Was the Superior Court correct in holding that while the Municipal Court had general power to set aside "before distribution" a decree allowing a final account that it yet erred in so doing here and allowing Roberts' claim to be filed? The Municipal Court's general jurisdiction to set aside a decree for cause can not be doubted. G. L. 1923, C. 358, s. 6 (5330). *Sherman* v. *Howes*, 37 R. I. 260. But the filing of claims against the estate after one year is permissible only if the estate has not been distributed. G. L. 1923, C. 365, s. 3 (5496). Distribution in the sense of actual payment of money and delivery of other property to the distributee prior to June 1st has been found as a fact by the justice of the lower court and we see no reason to disturb such finding. Roberts, however, urges that distribution in the phrase "before distribution of the estate" is a word having a technical meaning and that it means not only actual payment or transfer of property but the doing so *after a court order preceded by notice.* Our statutes require notice to interested parties on final accounts and orders of distribution. G. L. 1923, C. 360, s. 2 (5369), sub ss. 6 and 8. Notice when required if no special provision is made therefor means advertisement in a newspaper. G. L. 1923, C. 360, s. 5 (5372). Notice, however, may be dispensed with if all parties entitled thereto assent in writing to the court proceeding without notice. G. L. 1923, C. 360, s. 8 (5375). No one disputes that the sole distributee and beneficiary of Amy A. W. Willward's estate was Mary E. Brayton. She was entitled to all that was left after payment of debts and administration expenses. All debts had been paid or barred on April 24, 1925, but Roberts asserts that until the

entry of an order of distribution, no distribution could be recognized as having been made. He relies on *Kenyon* v. *Kenyon*, 31 R. I. 270, wherein we decided under the law existing prior to 1905, supporting the view of the same Superior Court justice who tried the present case, that payment to a distributee prior to a court order of distribution could not be allowed to an administrator as a credit in his final account.

In 1905 our probate statutes were revised and there appeared what is now General Laws, 1923, Chapter 370, Section 2, expressly allowing the administrator to credit payment of a distributive share and delivery of personal property in his accounts. A new section, Chap. 370. Sec. 13 (5621), appeared as follows: "If, without an order of court, an . . . administrator . . . pays or delivers any money or other property in his hands to a . . . distributee and thereafter renders an account . . . to the probate court, and after notice it appears that the persons to whom such money has been paid or property delivered would have been entitled to an order of court for such payment or delivery, and that such account ought to be allowed, the probate court may make a decree, which shall have the same effect to exonerate the . . . administrator . . . and his sureties from further liability as if such payment or delivery had been made under a previous order of the probate court." Upon this section and the court's decree of April 24, 1925, based thereon the administrator relies to show final distribution prior to the filing of the Roberts' claim. It is conceded that no fraud was practiced upon the court and that the court can not vacate its decree without cause.

The statute above quoted gives to the court greater power over accounts than it possessed under the law involved in *Kenyon* v. *Kenyon*. Was advertised notice necessary for the hearing involving allowance of a distribution payment? The words "after notice" require no such narrow construction. There can be no doubt that on April

24th Mary E. Brayton as the sole distributee and interested party had the right to waive notices of action on the administrator's final account, or other doings regarding the estate of Amy A. W. Willward, so as to give the court power to act. Why should Chapter 370, section 13, be singled out as an exception? Why should an advertisement be required for the benefit of persons not legally interested? We see no rights to be protected by advertisement. If Roberts had known of the hearing and been present to oppose it, the court could not have recognized him as an interested party. Knowledge on Wright's part that Roberts' attorney was trying to collect what Wright believed to be an improper claim gave Roberts no standing. Claims against estates (4) of decedents are not uncommonly threatened but until filed in a legal way, despite the administrator's knowledge of them, apart from unusual circumstances give claimants no standing as creditors or parties interested in the estate. 24 C. J. p. 319 § 938; *Morse* v. *Pacif. Ry. Co.*, 191 Ill. 356 at 361, affirming 93 Ill. Appeals 31; *Dimes Savings Bank* v. *McAlenney*, 76 Conn. 141.

Roberts next urges that G. L. 1923, C. 367, s. 9 (5554), fixing the rights of distributees provides for payment to them "by order of the probate court" and that this section limits Chapter 370, section 13. Prior to *Kenyon* v. *Kenyon*, the order was necessary before payment. Since G. L. 1923, Chap. 370, the order may be made after payment and when (5) made approving a distributive payment which the records show could have been ordered, gives the payment the same validity as if made after order of distribution. The language is too plainly contrary to permit the limitation contended for by Roberts. Section 13 closely follows 2 Rev. Laws of Massachusetts, C. 150, § 21. The effect of these statutes is that if the administrator knowing the circumstances is willing to make payment to a distributee who would be entitled to a court order on application therefor after final account allowed, he may make such payment and receive credit therefor if his conclusions were sound. *Palmer*

v. *Whitney*, 166 Mass. 306, at 308; *Rhines* v. *Wentworth*, 209 Mass. 585, at 588. The payment when approved by the Municipal Court becomes as effective in discharging the administrator as if made after an order of distribution. Prior to our statute the payment was without legal warrant. Now it is legal if paid to the person who would have been entitled to the order of distribution. Such is the view taken in 3 Woerner, American Law of Administration, page 1937,—"Where administration of the estate is had the administrator will be protected in paying over to a legatee or distributee his share of the estate if all the debts allowed against the estate have been paid and the time has expired within which claims may be presented for allowance, except upon special application to the probate court, although there has been no order of distribution or final settlement. If he pays the right persons their proper shares he is protected whether it is done under sanction of the court or not, or before or after the passing of his account; but not if he pays the wrong persons. . . ." 24 C. J. p. 498 § 1339; *Brown* v. *Forsche*, 43 Mich. 492. Cf. *Griffin* v. *Warburton*, 23 Wash. 231; *Charlton's Appeal*, 88 Pa. St. 476.

We therefore think that Mrs. Brayton, had she not already received the money and stocks, clearly would have been entitled to an order of distribution of them to her on April 24, 1925, and under such circumstances section 13, *supra*, was properly invoked. Wright's accounts were settled, and full and legal distribution had been made when the Municipal Court approved Wright's account. Such order was subject to change only by statutory appeal or for cause or fraud practiced upon the court. On June 3rd and 23rd, no cause existing except to allow filing of a belated claim and no fraud having been practiced on the Municipal Court, it was too late to reopen the account in order to permit Roberts to file his claim either personally or as administrator d. b. n. c. t. a. as a charge upon assets in the hands of Wright.

All of Roberts' exceptions in each case are overruled and each case is remitted to the Superior Court for further proceedings following the decision.

*Voigt & O'Neill, Nathan M. Wright, Jr.,* for appellant.
*Charles R. Easton,* for appellee.