RHODE ISLAND HOSPITAL TRUST CO., ADMR. *vs.* ARTHUR A. SHERMAN.

APRIL 11, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is an action in assumpsit with common counts brought by plaintiff, administrator with the

will annexed of Adin R. Sherman, to recover what are claimed to be certain assets of said estate given to defendant by his mother, Ella F. Sherman, widow of said Adin and executrix and residuary legatee under his will. The trial was by jury and a verdict by direction of the court was returned for the plaintiff.

The case is in this court on defendant's bill of exceptions. The substantial exceptions are to the direction of the verdict for the plaintiff and to the refusal to direct a verdict for the defendant.

Adin R. Sherman, a farmer, resident in the town of Glocester, died January 26, 1924. His will was probated April 24, 1924. The testator made three bequests of $50 each to his daughter Isabel and his sons Arthur and Charles. The residue of his estate, both real and personal property, was devised and bequeathed to testator's wife Ella F. Sherman subject to the payment of debts and legacies. The testator's debts which were few and small were paid promptly by the executrix. No claims ever were filed against the estate.

After the probate of the will Mrs. Sherman gave her son Arthur six bankbooks of the estate and written orders to the banks for the transfer of these accounts to Arthur and told him she was giving them to him while she was still living so that she would know that he got them. The amount of these gifts was $16,458.80.

The executrix filed a bond for $5,000 in the probate court April 26, 1924, and in September of the same year filed an inventory of the estate. After the death of her husband Mrs. Sherman lived with Arthur for a year; she then went to board in another part of the town where she lived until her death.

In August, 1925, Mrs. Sherman was 65 years of age and in poor health. At her request and on her petition, Mr. Place a family friend was appointed by the probate court conservator of her estate. May 15, 1926, on the petition of the conservator, and because of her incapacity, Mrs. Sher-

man was removed as executrix and the Rhode Island Hospital Trust Company was appointed administrator d. b. n. c. t. a. of the estate of Adin R. Sherman.

Mrs. Sherman died February 1, 1927. A petition for the probate of her will was filed February 12, 1927, and after many continuances, the will was admitted to probate May 12, 1928. As the executor nominated in her will refused to serve the Rhode Island Hospital Trust Company, June 9, 1928, was appointed administrator d. b. n. c. t. a. of her estate.

Mrs. Sherman's daughter Isabel has appealed from the decree admitting the will to probate and this appeal is still pending. This action by the plaintiff was not begun until March 12, 1930.

Probate proceedings in this State are statutory. Unless otherwise provided, the town councils are probate courts. By vote of the town a probate judge may be elected to act as a probate court for the town; such a judge is not required to be a member of the bar.

As often happens persons who are not familiar with probate proceedings, either because of their relation to the interested parties or of their knowledge of the estate, are the most suitable appointees as executors or administrators. As was stated by this court in *Duffy* v. *McHale*, 35 R. I. 16, it is the policy of the courts to sustain the acts of such executors and administrators if done in good faith and without injury to the estate, even though the procedure may have been irregular.

The executrix having been removed and the estate not having been fully administered, the administration of the plaintiff is "deemed to be a continuation of the preceding administration." G. L. 1923, C. 369, s. 9.

In May, 1926, when plaintiff qualified as administrator, the estate of Adin R. Sherman was practically settled. Nothing remained to be done to complete the formal settlement except the payment of a small amount for costs and taxes.

Plaintiff claims that, as the estate of Adin R. Sherman had not been completely and formally administered, Mrs. Sherman never had the authority to use any of the property of the estate as her own and hence she could not lawfully dispose of any part of it by gift or otherwise.

At the time of the trial of this case in 1931, it appeared that the administrator had remaining in the estate $90 in cash, some furniture and other personal property in storage and also the homestead farm estate of Adin R. Sherman.

The residuary gift was expressly made subject to the payment of debts and legacies and in the circumstances either the personalty or the realty could properly be used for the payment of debts and legacies. *Woonsocket Institution for Savings* v. *Ballou,* 16 R. I. 351.

We do not question the good faith of the plaintiff. It seems to be clear however that the primary purpose of this action is not to administer the estate of Adin R. Sherman but rather to secure the return to the estate of Ella F. Sherman of the gifts made to defendant.

In the case at bar the only question is of the power of Mrs. Sherman to make the gifts to her son and that is dependent on her right to use this personal property as her own.

When the plaintiff was appointed administrator Mrs. Sherman was the sole beneficiary and the only person then having any interest in the estate under the will. At that time it would have been a simple matter for Mrs. Sherman or the administrator to have procured a formal and final settlement of the estate. The procedure might have been made under Section 13, Chap. 370, G. L. 1923, which provides that: "If, without an order of court, an executor . . . pays or delivers any money or other property in his hands to a legatee . . . and thereafter renders an account, upon oath, with a full and detailed statement thereof, to the probate court, and after notice it appears that the persons to whom such money has been paid or property delivered would have been entitled to an order of

court for such payment or delivery, and that such account ought to be allowed, the probate court may make a decree, which shall have the same effect to exonerate and discharge the executor . . . and his sureties from further liability as if such payment or delivery had been made under a previous order of the probate court." See *Wright* v. *Roberts*, 47 R. I. 306.

Another procedure sometimes followed is under G. L. 1923, Chap. 363, Sec. 32 which provides that any paper or instrument discharging a claim or purporting to acknowledge the performance of a duty or the payment of money for which the executor or administrator is chargeable or accountable in a probate court, upon the request of an interested party may be recorded in the probate court and certified copies of such record may be used in evidence.

To deny the legal right in all cases to make any distribution before final and complete settlement of an estate or the payment of every debt however small would result in unnecessary deprivation to the testator's beneficiaries without any required protection of the estate. An immediate distribution cannot be compelled but can be made in the discretion of the executor or administrator if the condition of the estate is such as to safely warrant such action.

The objection that the date of the first notice is not to be found in the probate records is of no consequence. Section 31, Chap. 363, G. L. 1923, provides that notice by publication of the qualification of every executor and administrator and notice to creditors to file their claims shall be given by the probate clerk. If the record of the probate court is incomplete in this respect, it can be amended. *Smith* v. *Whaley*, 27 R. I. 185. The only defect in the action of the executrix was in her neglect of the statutory form of procedure. No injury has resulted therefrom to anyone interested in the estate. Such being the case the action of Mrs. Sherman, which in effect was the transfer of a part of the personalty to her own estate and the use of it as her own, was not illegal.

The defendant's exceptions to the granting of plaintiff's motion for a directed verdict and to the refusal to direct a verdict for defendant are sustained.

Plaintiff may appear on the 18th day of April, 1932, and show cause, if any it has, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*Tillinghast & Collins, Harold E. Staples, Horace L. Weller,* for plaintiff.

*Henry M. Boss, Jr., Boss & McMahon,* for defendant.