SLAIMEN N. SLAIMEN *et ux vs.* BESSIE W. CURTIS, *Ex.*

JUNE 25, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

Moss, J. This is an appeal directly to this court, under the special rule adopted February 19, 1934, from a decree entered by the probate court of the town of Westerly, on January 15, 1935, denying the appellants' petition to file a claim out of time against the estate of Harry C. Curtis,

deceased, of whose will the appellee is executrix. We have before us duly authenticated copies of the appellants' petition, the testimony taken at the hearing thereon, the decree, in which the probate court denied the petition without stating any specific reason for so doing, and the appeal from the decree. Under the rule above mentioned, the only question before us is whether there was an abuse of discretion by the probate court.

The statutory provision which governs this case is general laws 1923, chapter 365, sec. 3, which reads as follows: "All persons having claims, including pending suits, preferred claims, and claims of the executor or administrator, against the estate of a deceased person shall file statements of their claims in the office of the clerk of the probate court. Claims filed within six months from the said first publication shall be preferred in payment over all claims subsequently filed. Claims not filed within one year from said publication shall be barred: Provided, that a creditor who by reason of accident, mistake, or unforeseen cause has failed to file his claim may at any time before distribution of the estate file his claim, which claim, if allowed, shall be paid out of assets remaining in the hands of the executor or administrator; provided, also that a creditor who by reason of any other cause, has failed to file his claim may, at any time, before the distribution of the estate, petition the probate court for leave to file his claim, and the probate court, after notice to the executor or administrator of the estate, and a hearing on said petition, may, in its discretion, grant leave to file such claim upon such terms, if any, as said court shall prescribe, which claim, if allowed, shall be paid out of the assets remaining in the hands of the executor or administrator."

The record before us shows the following facts. The appellants' petition is based on a claim that on August 3, 1925, the appellee's testator was indebted to them on a certain transaction, in the amount of $1,988.17. On this claim they brought an action in the superior court against him on

August 1, 1931. The appellee was then the guardian of his estate and as such filed pleas in this action, which has never been brought to trial. The testator died July 28, 1932, and the appellee was appointed executrix by the probate court September 6, 1932, and duly qualified as such. The first publication of the notice of her appointment was duly made September 12, 1932. Final distribution, to the legatees under the will, of the residue of the estate was made on November 21, 1934, such residue being insufficient to pay the legacies in full, and no further assets have been received by the executrix. The appellants filed no claim against the estate and did not ask leave to file one until the petition involved in the present appeal was filed on December 13, 1934. On December 15, 1934, the appellee filed her final account as executrix.

It is clear, then, that when the petition was filed, the appellants' action against the testator had been pending for more than three years and four months; that the period within which claims could, without special leave of the probate court, have been filed against his estate in the course of administration had ended one year and three months before; and that the distribution of the estate had been completed twenty-two days before. The appellants admit that their petition is not based on the ground that their failure to file their claim within a year after the first publication of the notice of the appellee's appointment as executrix was by reason of accident, mistake or unforeseen cause.

It is well settled that according to the statutes of this state an executor or administrator may under proper circumstances, without a court order, make final distribution of the residue of the estate to those entitled thereto, and afterwards file a final account showing complete distribution and no balance, taking the risk, of course, that such account may be disallowed; and in practice this is often done. G. L. 1923, chap. 370, sec. 13. *Wright* v. *Roberts*, 47 R. I. 306; *Rhode Island Hospital Trust Co*. v. *Sherman*, 52 R. I. 207, 210.

In the former of these cases, decided under the section above quoted from G. L. 1923, chap. 365, Wright, administrator of the estate of one who had died intestate, waited until one year had elapsed after the first publication of the notice of his appointment and then a few days later delivered the residue of the estate to the sole distributee. The next day afterwards, notice of hearing being waived by the sole distributee, the administrator's final account, showing no balance, was allowed by the probate court in a decree. At the time of the above mentioned disposition of the residue, the administrator knew of the claim of the appellee, Roberts, against the estate but never conceded its validity.

This claim had not been filed before the allowance of the account. Some months later Roberts filed in the probate court a. petition that the decree be vacated and that he be given leave to file his claim out of time. This petition was granted in a decree from which the administrator took an appeal to the superior court. In that court the decision of the probate court was reversed because not made "before distribution of the estate;" and in this court the action of the superior court was sustained.

In its opinion this court held that the general power of the probate court to set aside a decree for cause could not be doubted but that the filing of claims against an estate after one year is permissible only if the estate has not been distributed, in the sense of actual payment of money and delivery of property to the distributee or distributees; and that for the distribution to have the effect of preventing the filing of any further claims it is not necessary that such distribution be made under a prior court order, if the distribution be made to the parties who would be entitled thereto. This court also held that Roberts, having filed no claim, was not entitled to any notice before the distribution was made.

In view of the decision in that case and the sound reasoning upon which it was based and the plain words of the statute which still remains the same, and in view of the

fact that all the cases cited by the appellants in the instant case which might at first sight be thought to support their contention were decided under radically different statutes from those which now regulate the filing and establishment of claims against estates of deceased persons, we are of the opinion that the facts of this case do not show any abuse of discretion by the probate court in denying the petition of the appellants.

The appeal of the appellants is denied and dismissed; the decree appealed from is affirmed and the cause is remanded to the probate court for further proceedings.

*James M. Gillrain,* for appellants.

*Tillinghast, Collins & Tanner, Colin MacR. Makepeace,* for appellee.