ETHEL M. CHATIGNY *vs.* DELIA D. GANCZ.

JUNE 7, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is an appeal from a decree of the probate court of the town of Cumberland allowing the final account in the estate of John M. Gancz, deceased, and refusing to entertain the appellant's petition for leave to file her claim out of time. It was heard in the superior court before a justice thereof who rendered a decision affirming the decree of the probate court. The case is before us on the appellant's exceptions to that decision.

According to the undisputed facts John M. Gancz died intestate and his widow Delia D. Gancz was appointed administratrix of his estate. After the prescribed six-month period, she presented her final account to the probate court on July 22, 1955 and it was set down for hearing on August 11, 1955. The account showed the payment of all debts and,

without a prior order of the probate court, a distribution of all remaining assets to those persons entitled thereto, and no balance in the hands of the administratrix. At the hearing in the probate court on the allowance of the final account, the appellant, through her attorney, requested a continuance thereof until the court had heard her petition, which was only presented that day, for leave to file a claim out of time. Over her objection that court denied such request and allowed the final account.

The controlling question is whether a probate court is warranted in entertaining a petition for leave to file a claim out of time when the facts show that a final distribution has been made, although without prior order of the probate court, and that there are no assets in the estate. The appellant contends that she had legal standing in the probate court to object to the allowance of the final account; that the superior court erred in sustaining the probate court's refusal to entertain her petition for leave to file her claim out of time, even though a distribution of the assets of the estate had in fact been made; and that it also erred in sustaining the probate court's refusal to continue the petition for allowance of the final account.

General laws 1938, chapter 578, §3, as amended by public laws 1951, chap. 2743, governs the question involved herein. The pertinent provision thereof reads: "All persons having claims * * * against the estate of a deceased person shall file statements, of their claims in the office of the clerk of the probate court. * * * Claims not filed within 6 months * * * shall be barred: *Provided*, that a creditor who * * * has failed to file his claim, may, at any time, *before the distribution of the estate*, petition the probate court for leave to file his claim * * *." (italics ours)

The statute is clear and unambiguous and there can be no doubt or misunderstanding as to its meaning. Under its provisions a petition for leave to file a claim out of time must be presented *before* the distribution of the estate. If such petition is thus presented for filing, the probate court

258

has the power to exercise its discretion to grant or refuse permission to file the claim out of time. But if the petition is presented for filing *after* the distribution of the estate, the probate court is without jurisdiction to entertain it.

The claim in the case at bar was not filed within six months. Therefore under the statute it is barred unless the creditor took advantage of the "proviso" therein by presenting for filing, before the distribution of the estate, her petition for leave to file the claim out of time. Since it is conceded that she did not present such petition before the estate was actually distributed, the probate court had no jurisdiction to entertain it. In the circumstances the appellant was not in a position to object to the allowance of the final account. Nor did she have a standing as a creditor in the circumstances of this case. See *Wright* v. *Roberts*, 47 R. I. 306, 312.

The appellant's exception is overruled, the decision of the superior court affirming the decree of the probate court is affirmed, and the case is remitted to the superior court for further proceedings in accordance with such decision.

*Aram K. Berberian*, for appellant.

*Corcoran, Foley & Flynn, Joseph F. Flynn*, for appellee.