271 A.2d 300.
WALTER W. SMITH *vs.* ESTATE OF MARGARET M. CATTERALL.
WALTER W. SMITH *vs.* ESTATE OF MARGARET M. CATTERALL.

DECEMBER 3, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher.

730

KELLEHER, J. On June 30, 1968, an automobile owned and operated by Margaret M. Catterall struck the parked car of Walter W. Smith. As the result of the collision, Mr. Smith was injured and hospitalized. At this time there was in full force and effect an automobile liability insurance policy insuring Miss Catterall within the limits specified in her policy against liability for personal injury and prop-

erty damage sustained by others arising out of the operation of her automobile.

Almost six months later, Margaret M. Catterall died intestate leaving as her sole heirs two brothers, John F. Catterall, Jr. and Thomas A. Catterall. The last-named brother is the probate judge of the Town of Cumberland. On January 9, 1969, a petition for administration was filed with the probate clerk and on the same day, the town council, acting as the probate court, appointed the Catterall brothers as co-administrators of their sister's estate, both brothers having signed a waiver of notice. The first notice of the co-administrators' appointment was published in the Pawtucket Times on January 29, 1969. An inventory filed on March 13, 1969 disclosed that the intestate left a personal estate with an approximate value of $13,000. The assets listed in the inventory consisted of cash, household furniture and an automobile. The statutory six-month period during which creditors are required to file their claims expired on July 29, 1969. The estate remained open, however, until September 11, 1969 when the co-administrators filed an affidavit of complete administration wherein they averred that all charges of administration and claims had been adjusted and settled; that all indebtedness had been paid; that the personal estate had been completely distributed and that there were no assets remaining in their hands. Attached to the affidavit was a paid funeral bill and receipt acknowledging the payment of the state inheritance taxes. The affidavit was "accepted" by the town council acting once again as the probate court.

Sometime thereafter, Mr. Smith petitioned the probate court for leave to file out of time a claim for his personal injuries. The town council again sitting as the probate court on December 11, 1969 reopened the Catterall estate and permitted Mr. Smith to file his claim. The co-admin-

istrators denied the claim and Smith brought suit. This suit is presently pending in the Superior Court.

The co-administrators, however, have come before us seeking a review of the probate court's action in allowing Smith to file the late claim. They have launched a two-way attack on the probate court's decision by taking a direct appeal from that court to here and also by petitioning for a writ of certiorari. We have issued the writ and consolidated both the appeal and the petition. We shall first consider the co-administrators' appeal.

The relevant statute is G. L. 1956 (1969 Reenactment) §33-11-5. In essence, it provides that a claim against a decedent's estate must be filed within the six-month period immediately following the first publication of the notice of the appointment of either the executor or the administrator. After this six-month interval, a creditor who, because of "accident, mistake or any other cause," has failed to comply with the six-month filing requirement, may seek the probate court's permission to file his claim late. The statute then goes on to state that there is no appeal from a probate decree allowing the late filing, and a claimant whose petition is denied is limited to an appeal of the denial to the Superior Court, where he is restricted to a nonjury trial. The Legislature has expressly declared that the Superior Court's determination cannot be reviewed by the Supreme Court either by way of an appeal or a bill of exceptions. If a late claim is allowed, it is to be paid from the assets remaining in the hands of the executor or administrator.

The defendants' appeal was motivated out of a superabundance of caution. Their cautious approach is due to the provisions of Rule 23 of this court which provides:

> "All appeals from an order or decree of a probate court granting or denying leave to file a claim against the estate of a deceased person shall be

taken in accordance with the statutory procedure governing appeals to the superior court from other orders or decrees of a probate court."

The predecessor to this rule was promulgated by this court on February 19, 1934. It was adopted to provide a vehicle for an appeal from a grant or denial of a petition for leave to file a claim against a decedent's estate, where the ground for relief was based on the second proviso of G. L. 1923, chap. 365, sec. 3. Under that statute, a claimant could base his petition on the first portion of the statute which provided for relief on the usual grounds of "accident, mistake or unforeseen cause," or he could employ the provisions of the second proviso and seek relief on the one ground set forth therein, namely, "any other cause." The causes set forth in the first proviso of the act were appealable to the Superior Court while by virtue of Rule 23 an appeal from the denial or grant of petition based upon the terms of the second proviso came directly to the Supreme Court. Years later, the statute (at that time, G. L. 1938, chap. 578, sec. 2) was amended by P. L. 1941, chap. 1003, sec. 2. This amendment combined the first proviso with the second proviso so that a petition to file a late claim had to be based on "accident, mistake or any other cause." In 1952[1] the Legislature further amended this legislation by restricting appeals to instances of a denial of a petition with the subsequent nonjury hearing in the Superior Court.

Rule 23, as it presently reads, was issued on November 15, 1948. The Legislature's action in 1952 obviates the necessity of the rule and it is hereby revoked. The General Assembly's action does not and cannot impinge upon the inherent power of this court to review decisions of subordinate tribunals by way of the discretionary common-law writ of certiorari. *In re Little,* 103 R. I. 301, 237 A.2d

---

[1]See P. L. 1952, chap. 3023, sec. 1.

325; *Nocera Bros. Liquor Mart, Inc.* v. *Liquor Control Hearing Board,* 100 R. I. 644, 218 A.2d 659. Accordingly, we shall review the probate court's action by way of certiorari.

In their petition the co-administrators contend that the probate court did not have jurisdiction to allow Smith's late claim because §33-11-5 expressly limits the filing of a petition to file a claim to cases where the estate has not been completely distributed. In taking this position, they point out that in *Chatigny* v. *Gancz,* 84 R. I. 255, 123 A.2d 140, we declared that a so-called out-of-time petition must be filed prior to the distribution of an estate.

Smith does not argue with the rule in *Chatigny*. Instead, he contends that there is no specific statutory warrant for the filing of an affidavit of complete administration and he also argues that, contrary to the co-administrators' averments, the personal estate of Margaret M. Catterall has not been "completely distributed" nor has her estate been "fully administered."

Our examination of the law of this state confirms that there is no express authority for the use of such a document as submitted to the Cumberland Probate Court by the co-administrators. Rather §§33-14-1 and 33-14-2 require an administrator to render an account to the probate court within two years of his qualification showing therein such items as the amount in the estate's inventory, income, gains from the sale of personal property as well as charges, losses and payments made by the fiduciary. One of the statutory conditions of a bond[2] filed by an administrator is that he will, as required by law, render a true account of his administration. Because of the unique circumstances presented in the Catterall estate, we shall not rest our ultimate conclusion on the co-administrators'

---

[2]See §33-17-1 (2) *Third*.

use of the affidavit. It is well established in this jurisdiction that an executor or administrator who distributes the assets of an estate without a court order runs the risk that his subsequent account may be disallowed. *Carr* v. *Railton,* 66 R. I. 225, 18 A.2d 646; *Slaimen* v. *Curtis,* 56 R. I. 351, 185 A. 684; *Rhode Island Hospital Trust Co.* v. *Sherman,* 52 R. I. 207, 159 A. 740; *Wright* v. *Roberts,* 47 R. I. 306, 132 A. 875. The sole distributees and interested parties on September 11, 1969 when the affidavit was filed were the two Catterall brothers. If they had filed a final account instead of the affidavit, they could have signed a waiver of notice of its pendency. Smith, at that time, was not entitled to any notice of the hearing. Until such time as his petition was filed, he had no standing as a creditor or interested party. *Wright* v. *Roberts, supra.* Rather than fault the co-administrators on this issue, we shall proceed to consider Smith's contention[3] that a portion of the Catterall estate remains undistributed.

Section 33-9-1 provides that an administrator shall, within 30 days of his appointment or such longer period as may be allowed by the probate court, file in the court a sworn inventory of all the "goods, chattels, rights and credits" of the deceased which have come to his knowledge together with an appraisal thereof. Smith states that the co-administrators' affidavit is faulty because they have failed to include in the inventory one asset, namely, the deceased's potential right to exoneration or indemnity under her automobile liability insurance policy. If such a right is to be considered a part of the intestate's personal estate, then the estate has not been completely distributed.

---

[3]In order to prevail in his Superior Court action, Smith must allege and prove that his claim was filed in the probate court clerk's office and disallowed. *Kelly* v. *Harlow,* 51 R. I. 137, 152 A. 696. If the co-administrators were successful in this petition, Smith's suit would fail.

While we have never passed on the issue raised by Smith, the overwhelming weight of authority holds that an insurer's contractual assumption of the potential liability of a deceased is an asset of the deceased during his lifetime and of his estate upon death. *Robinson* v. *Carroll*, 87 N. H. 114, 174 A. 772; *Gordon* v. *Shea*, 300 Mass. 95, 14 N.E.2d 105; *In re Vilas' Estate*, 166 Ore. 115, 110 P.2d 940; *Furst* v. *Brady*, 375 Ill. 425, 31 N.E.2d 606; *In re Riggle*, 18 Misc.2d 988, 188 N.Y.S.2d 622; *Cox* v. *Kresovich*, 168 Neb. 673, 97 N.W.2d 239; *Tweed* v. *Houghton*, 103 Ga.App. 57, 118 S.E.2d 496; *Thompson* v. *Surprise*, 193 Kan. 145, 392 P.2d 922; *In re Estate of Gardinier*, 40 N. J. 261, 191 A.2d 294; *In re Edmundson*, 273 N. C. 92, 159 S.E.2d 509. See also 67 A.L.R.2d 936.

We believe that, from the record before us, it is obvious that the co-administrators were aware of the collision and their sister's insurance policy. Having in mind the broad and all encompassing language of §33-9-1, the decedent's interest in the automobile insurance policy was a "right" that should have been listed in the inventory.[4] The estate had not been completely distributed and the probate court had jurisdiction to permit the filing of Smith's petition.

The co-administrators' appeal is denied pro forma. Their petition for certiorari is denied and dismissed, and the writ heretofore issued is quashed.

*Corcoran, Foley, Flynn & Treanor, J. Russell Blease, Francis R. Foley, J. Frederick Murphy,* for respondent-appellee.

*Keenan, Rice, Dolan & Reardon, John T. Keenan,* for petitioners-appellants.

---

[4]Smith's counsel also argued before us that a rebate of the unearned premium on the policy should have been listed in the inventory. We of course have no way of knowing whether there was or was not a rebate due but we certainly commend counsel's zeal in seeking to discover undeclared assets.