ARCHIBALD B. CADMAN, SPECIAL ADMINISTRATOR OF THE ESTATE OF JOHN PRICE, PLAINTIFF IN ERROR, v. P. COURSEY RICHARDS, DEFENDANT IN ERROR.

1. **Administration of Estates**: SPECIAL ADMINISTRATOR. A special administrator has authority in a proper case to appear and defend an action against the estate. Such power is to be inferred from the authority to bring and maintain suits; but his powers cease upon the appointment and qualification of a general administrator.

2. ———: ———. A special administrator should be appointed by the court having authority to grant letters testamentary or of administration.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*J. R. Webster*, for plaintiff in error.

*S. P. Vanatta*, for defendant in error.

MAXWELL, J.

On the 9th day of April, 1881, one John Price, an unmarried man, died at a hotel in the city of Lincoln, having at the time of his death personal property in Lancaster county of at least the value of $150. On the 12th day of April of that year the defendant in error filed in the probate court of Lancaster county an instrument purporting to be the last will and testament of said Price, of which notice by publication was duly given. On the 15th day of April, 1881, James Price, a brother of the deceased, filed objections to the will in said probate court. These objections were presented in a petition for the appointment of a special administrator. On the hearing the plaintiff herein was appointed special administrator. The hearing on the instrument purporting to be a will was postponed by agree-

ment, from time to time, until the 17th day of May, when the proceeding was dismissed for want of proof. On the next day the defendant filed his account, duly verified, claiming from the estate $109.45, with a credit of $10.96. The hearing on this account was continued, by agreement, until the 9th of June, 1881, when the defendant was allowed a balance of $98.45. From the order allowing the account the special administrator appealed to the district court, and afterwards filed a petition in error there. The district court dismissed the proceedings in error, upon the ground that the special administrator had no authority to appear in the action. It also appears that on the 28th of May, 1881, the probate court of Lancaster county was notified by the probate judge of Nemaha county that letters of administration were granted to W. E. Majors in that county, and requesting the court to forward the instrument purporting to be the will of John Price.

The question to be determined in this court is the authority of the special administrator to appear in the action.

Sec. 180 of the chapter of Decedents (Comp. Stat., 233-4) provides that: "When there shall be a delay in the granting letters testamentary, or of administration, occasioned by an appeal from the allowance or disallowance of the will, or from any other cause, the judge of probate may appoint an administrator to act in collecting and taking charge of the estate of the deceased, until the question on the allowance of the will, or such other question as shall occasion the delay, shall be terminated, and an executor or administrator be thereupon appointed, and no appeal shall be allowed from the appointment of such special administrator."

Sec. 181 provides that: "An administrator appointed according to the provisions of the preceding section, shall collect the goods, chattels, and debts of the deceased, and preserve the same for the executor or administrator who may

afterwards be appointed, and for that purpose may commence and maintain suits as an administrator, and may sell such perishable and other personal estate as the probate court may order to be sold."

Sec. 182 provides that: "Such special administrator shall not be liable to an action by any creditor, to be called upon in any other way to pay the debts against the deceased."

Sec. 184 provides that: "Upon granting letters testamentary, or of administration, on the estate of the deceased, the power of such special administrator shall cease, and he shall forthwith deliver to the executor or administrator all the goods, chattels, money, and effects of the deceased in his hands; and the executor or administrator may be admitted to prosecute to final judgment any suit commenced by such special administrator."

While there is no direct authority for the special administrator to appear and defend an action, yet such power is clearly conferred in the authority to commence and maintain suits, as in cases where affirmative relief is sought by the defendant, both parties will be actors. The special administrator therefore had authority to appear and contest the claim. But upon the appointment of the general administrator his power ceased, and it was then the duty of the general administrator to appear in the case. The authority of the plaintiff in error therefore ceased on the twenty-eighth of May, 1881, and before the allowance of the claim, and he had no authority to have the order allowing the claim reviewed. Whether administration was properly granted in Nemaha county or not, we have no evidence except the notification above referred to from the county judge of Nemaha county to the judge of Lancaster county.

Sec. 177 of the chapter relating to decedents, provides as follows: "When any person shall die intestate, being an inhabitant of this state, letters of administration of his

estate shall be granted by the probate court of the county of which he was an inhabitant or resident at the time of his death. If such deceased person, at the time of death, resided in any other territory, state, or county, leaving estate to be administered in this state, administration thereof shall be granted by any probate court of any county in which there shall be estate to be administered; and the administration first legally granted shall extend to all the estate of the deceased in this state, and shall exclude the jurisdiction of the probate court of every other county."

Application for the appointment of a special administrator should be made in the county having authority to grant letters testamentary or of administration. If the deceased was a resident of the state, the probate court of the county in which he resided has exclusive jurisdiction; but in this case it does not appear where the deceased had resided and as the next of kin made application to the county court of Lancaster county for the appointment of a special administrator and as the administrator was appointed and acted, and was accountable to that court and not to the county court of Nemaha county, this would seem to give the court jurisdiction, and there is no proof in the record to show that the county court of Nemaha county had exclusive jurisdiction. There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.