CURTIS W. RIBBLE, ADMINISTRATOR, v. NETTIE FURMIN.

FILED FEBRUARY 4, 1904. No. 13,175.

1. Appeal: FINAL ORDER. An order of a county court refusing an application to file a claim against an estate, because presented after the expiration of the time allowed for presenting claims, is a final order from which an appeal to the district court will lie.

2. Estates: CLAIMS: TIME OF FILING. Upon such an appeal it appeared from the pleadings that the notice of the expiration of the time for presenting claims was published prior to making the order fixing such time. *Held*, That claimant is entitled to an order allowing her claim to be filed and directing a hearing thereon.

3. Order: EVIDENCE. *Held*, also, that such an order is clearly justified by the evidence.

4. Jury Trial. In a hearing upon such an appeal neither party is entitled to a jury trial.

5. Appeal: PROCEDURE. A judgment of the district court upon such an appeal, remanding the cause to the county court with direction to "permit the filing of the claim and to set a day for hearing, and to proceed to hear and pass upon the same," is not the proper judgment, but a hearing in the district court on such claim should be had in the same manner as though the appeal had been from an order disallowing the claim upon hearing before the county court.

ERROR to the district court for Saline county: GEORGE W. STUBBS, JUDGE. *Reversed with instructions.*

*A. S. Sands* and *L. W. Colby,* for plaintiff in error.

*George H. Hastings* and *Robert Ryan, contra.*

GLANVILLE, C.

This is a proceeding in error seeking to reverse a judgment of the district court for Saline county, and was

argued and submitted with the two following cases, Curtis W. Ribble against Laura A. Ames, and the same plaintiff in error against Mary Hopkinson; and, the questions involved being identical the decision in this case will govern the other two. The judgment of the district court sought to be reversed was rendered in an action or cause appealed from the county court of that county, wherein the defendant in error was refused leave to file her claim, based upon a promissory note, against the estate of James M. Bullion, deceased. The district court heard the matter upon appeal and rendered the following judgment or order:

"It is therefore considered and ordered by the court, that the order of the county court be reversed, and the county court ordered to permit the filing of the claims and to set a day for hearing, and to proceed to hear and pass upon the claims."

Contention was made by the defendant in error, in this court, that the order in question was not a final order or judgment which could be reviewed upon error, and a ruling was made adverse to such contention by an opinion found in 69 Neb. 38. By the petition filed in the district court, upon which the cause was tried, it was alleged that one Sophy Bullion, widow of the deceased, was appointed special administratrix of his estate on the 15th day of January, 1901; that the defendant in error is a resident of the state of New York, and absent from the state of Nebraska; that on the 19th day of February, 1901, an order was made by the county court, providing that all claims should be filed against said estate on or before August 22, 1901; that the first publication of notice of the expiration of the time for filing claims was made on the 28th day of January, 1901, and the last on the 6th day of February, 1901, and that on the 12th day of April, 1901, the said Sophy Bullion was duly appointed as administratrix of said estate, and duly qualified. The petitioner then sets up an apparently valid claim against the estate upon a promissory note.

It seems that Sophy Bullion died pending the action, and that the plaintiff in error was appointed by the court as her successor, and has been substituted as administrator in her stead in these proceedings. His answer admits the appointment of a special administratrix; the making of the order requiring claims to be filed against such estate on or before August 22; and alleges the giving of due notice of the time for filing claims, by publication in a newspaper "more than six months prior to the time limited for the filing and barring of claims." By his pleadings he also raises the issue that an appeal would not lie from the decision of the county court in this regard, claiming that the same was entirely discretionary with the county court, and could be reviewed only upon error.

He now contends that the pleadings and evidence are not sufficient to sustain the judgment of the district court. We are of the opinion that in the condition of the pleadings, as above shown, the defendant in error was clearly entitled to file her claim against the estate at the time the same was presented to the county court in September, 1901. It will be noticed that in the petition it is alleged that the notice of the expiration of the time for filing claims was published before the order fixing such time was made, and that the answer alleged that it was given more than six months prior to August 22, which would also be before the date of the order. Section 214, chapter 23 of our statutes (Annotated Statutes, 5079), requires the commissioners appointed to examine claims against estates to give notice of the time limited for filing claims, within 60 days after their appointment, and that, in case the court shall examine such claims, the same notice must be given. It appears by both petition and answer that the notice in the case before us was made by publication prior to the date of the order. Such notice is a nullity, and the time for filing claims was not limited by the order of the court without publication after the order was made. The defendant in error had a right to file her

claim, and have the same examined at the time it was
presented, and the judgment of the district court granting
such right is clearly justified.

An examination of the evidence contained in the bill of
exceptions leads us, also, to the conclusion that the de-
fendant in error should have been allowed to file her claim
when it was presented, even if the order of the county
court limiting the time, made before the appointment of
the general administrator, was valid, and due notice as
required by law had been given. She was a nonresident
of the state, and absent therefrom, and her claim, with
the note, had been placed in the hands of William G.
Hastings, who appeared for her on February 18, 1901,
filing objections to the appointment of the widow, Sophy
Bullion, as general administratrix. A hearing upon such
objections was continued, and her appointment and quali-
fication took place on the 17th day of April, 1901. Before
that time her attorney, William G. Hastings, was ap-
pointed supreme court commissioner by this court, and,
of course, ceased to practice as an attorney in the courts
of this state. He omitted to turn the matter over to an-
other attorney until in September of that year, and we
think the entire evidence justifies the district court in
holding that she should be allowed to file her claim, and
have the same examined and passed upon.

While there are many assignments in the petition filed
by plaintiff in error, but few are noticed in his brief, in
which he says:

"Counsel will content themselves with referring the
court, solely, to the deficiency of the evidence in the mat-
ter of the claimant's excuse for not presenting the claim
within the time limited by the county court. It is sub-
mitted that no reasonable excuse whatever is given. It
was pure and simple neglect, dilatoriness or carelessness
on the part of claimant and her attorneys. The evidence
shows that neither the applicant nor her attorneys were
free from laches; that neither of them exercised common,
ordinary diligence. If the evidence was the same before

the county court, there can be no question but what sound discretion was exercised in refusing to extend the time. However, the whole matter comes back to the first proposition, that the order of the county court, in refusing to extend the time to present claims, is not an appealable order, but rests in the sound discretion of the court, and can only be reviewed by proceedings in error."

We think the discretion in the county court in such a matter is the same kind of discretion a court of equity has in an action for specific performance of contracts, and is not to be arbitrarily exercised, but the court must, under section 218, chapter 23, Compiled Statutes (Annotated Statutes, 5083), extend the time as the circumstances of the case may require, when proper and timely application and showing are made. An order denying the claimant the right to file a claim is certainly a final order, from which an appeal lies from the county court to the district court under section 42, chapter 20, Compiled Statutes (Annotated Statutes, 4823).

Contention is made that a jury trial of the issue joined, as to the right to file the claim, should have been allowed. The matter was for the court to decide, and the right to a jury trial upon a hearing as to the validity of the claim may still be insisted upon, and is all that plaintiff in error is entitled to in that regard.

It is contended by the defendant in error that, under section 214, chapter 23, above referred to, no order could be made limiting the time for filing claims during the pendency of a special administration, but it will be noticed that such section reads, in part, "When letters * * * of special administration shall be granted by any probate court, or during any appeal from said order, it shall be the duty of the probate judge to receive, examine, adjust and allow all claims and demands of all persons against the deceased, giving the same notice as is required to be given by the commissioners in this subdivision." It would seem, therefore, that the county judge might proceed to give notice and hear claims without waiting for the ap-

pointment of a general administrator, in which case, parties interested in the estate would have the same right to contest claims, and appeal from their allowance, as after such appointment. The right of an interested party to appeal from the allowance of a claim is not dependent upon the failure of the executor or administrator to appeal, since the enactment of section 42, chapter 20, *supra,* which has been held to repeal section 242 of chapter 23, allowing persons interested in the estate to appeal only after the expiration of the time allowed the executor or administrator to do so. See *Drexel v. Reed,* 65 Neb. 231. While, in the view we take of the case before us, it is not necessary to decide this point, we think it has been decided in principle in *Cadman v. Richards,* 13 Neb. 383.

It has been urged that the district court should have set a time for hearing therein upon the claim in question, and proceeded to a trial thereon, instead of formally reversing the judgment of the county court and remanding the cause for such action in that court. No petition in error was filed by the defendant in error in this court, and this contention was made only by counsel in oral argument. The closing sentence of the brief of the defendant in error is, "In any event, therefore, the judgment of the district court should be affirmed."

In the opinion announced by this court, written by POUND, C., disposing of the motion to dismiss this action, reported in 69 Neb. 38, it is said:

"It will be seen therefore that the district court clearly had the power to render a final judgment upon the merits of the claim. The order denying leave to file the claim was a final order since it in effect prevented a judgment and determined the proceeding, within the purview of section 581 of the code. When this order was appealed from and the transcript filed, the district court acquired jurisdiction of the whole matter and power to deal with it as though the application had been filed in that court originally. *Jacobs v. Morrow,* 21 Neb. 233. Even if the cause had been taken to the district court upon error, the same

course would have been proper. *Maryott & McHurron v. Gardner*, 50 Neb. 320. The legislature evidently intended that causes should be settled finally in the district court when taken there by appeal or error and that parties should not be compelled to go back and forth from the lower to the higher tribunal in matters involving small sums as is so often the case in more important causes brought in the district court and reviewed in the supreme court. Hence, it is doubtful whether any warrant is to be found for the course taken in the case at bar so far as the judgment remands the cause for further proceedings in the county court." This statement of the law affecting this question, made in this case, having received the approval of the court, should be held conclusive thereon.

While, as we have said, no petition in error was filed by the defendant in error, yet, that of the plaintiff in error is sufficient to bring the judgment before us in such a manner as to require us to reverse any portion thereof which we hold to have been erroneously made.

We recommend that the judgment and order of the district court be affirmed, in so far as it reverses the order denying defendant in error to file her claim made by the county court, and reversed as to that part remanding the cause to the county court for hearing upon the claim, and that the cause be remanded from this court to the district court with directions to proceed to a final hearing thereon in that court.

Barnes and Albert, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court, reversing the order of the county court and granting leave to file the claim involved, is affirmed, and the order directing the county court to allow the filing of the claim is reversed, and the cause is remanded to the district court with directions to proceed to a final hearing thereon in that court.

JUDGMENT ACCORDINGLY.