(No. 25615.—
JEANNE M. FURST, Appellant, *vs.* THELMA BRADY, Appellee.

*Opinion filed Dec. 12, 1940—Rehearing denied February 17, 1941.*

BURRELL & BURRELL, for appellant.

CHARLES H. GREEN, and ROBERT J. SCHMELZLE, for appellee.

Mr. Justice Murphy delivered the opinion of the court:

This cause is here on leave to appeal granted to review the judgment of the Appellate Court for the Second District, in a case involving the legality of the probate of the estate of Peter L. Brady, a deceased non-resident, and the appointment of the public administrator as administrator thereof.

The facts are these: On September 6, 1936, Peter L. Brady, a resident of St. Louis, Missouri, accompanied by his adopted daughter, Thelma Brady, appellee, was driving his automobile from Wisconsin to Missouri. While in Stephenson county, Illinois, his car collided with another car in which Frank E. Furst, of Freeport, Jeanne M. Furst, appellant, and Eleanor N. McNary were riding. Brady and Furst died as a result of the accident. Jeanne M. Furst and Eleanor N. McNary were injured. About two weeks after the accident, Brady's wrecked automobile was sold by his son to a dealer in Forreston, Illinois, for $50. He used the money in payment of one of the Freeport doctor's bills. Brady did not reside in Stephenson county but was merely passing through this State. The record does not show he had any personal property with him other than his automobile.

On January 16, 1937, the public administrator of Stephenson county executed a petition for letters of administration in the estate of Brady. The petition states that Brady, a resident of St. Louis, Missouri, died at Freeport, Stephenson county, on or about September 7, 1936, leaving no last will and testament, seized and possessed of personal estate situated in the county, consisting chiefly of an Oldsmobile, 1935 model, and a certain automobile or casualty insurance policy issued to decedent by the Utilities Insurance Company of St. Louis, as insurer; that more than seventy-five days had elapsed since his death and that no other person had sought to have letters granted on his estate in Illinois. The petition further alleges there are creditors

of the deceased; that said personal estate is estimated to be of the value of about $15,100; that deceased left no widow, but left surviving him a son, Vincel, residing at Newcastle, Wyoming, and Thelma, an adopted daughter, residing at St. Louis, Missouri.

The petition was filed and letters of administration were issued by the county court on February 1, 1937. On the same day, three suits to recover for wrongful death of Frank E. Furst, and for personal injuries to Jeanne M. Furst and Eleanor N. McNary, respectively, were instituted in the circuit court of Stephenson county against the public administrator as administrator of Brady's estate. The suit of Eleanor N. McNary proceeded to judgment against the administrator.

On March 17, 1937, Thelma Brady, appellee, filed a petition in the county court to vacate the order appointing the administrator and to revoke the letters issued to him. Her petition alleges she is a resident of Missouri, recites the death of Brady and alleges that on the date of the execution of the public administrator's petition there were no assets of the estate in Illinois, and specifically no assets consisting of an automobile or an insurance policy, and that at the time of his death, and for thirty years prior thereto, Brady was a resident of St. Louis, Missouri. The petition alleges the county court was without jurisdiction to make the appointment for the reason that the statutes of Illinois provide that the public administrator shall act only upon administering the estate of a decedent who died seized or possessed of Illinois real estate, or who had a right or interest therein, and that Brady did not die seized or possessed of any such real estate or any right or interest therein, and did not have in this State any insurance policy, and that on the date the petition was executed there were no assets, real or personal, in this State. It further recites the bringing of the three suits above mentioned and charges the appointment of the public administrator

was not for the administration of any estate in the State of Illinois, as contemplated by law, but constituted a fictitious device and means of attempting to obtain service in the three suits in order that the circuit court might obtain jurisdiction in those actions.

On the hearing, the county court denied the administrator's motion to dismiss appellee's petition, and sustained the petition to vacate the order of appointment. On appeal to the circuit court by Jeanne M. Furst, as an interested party, the vacating order of the county court was set aside and the original appointment of the public administrator was confirmed. From this order an appeal was taken to the Appellate Court where the judgment of the circuit court was reversed and that of the county court was affirmed.

Brady carried a policy in the Utilities Insurance Company, of St. Louis, Missouri, insuring him against liability to the general public for the negligent operation of his automobile operated by him at the time of the accident. Decedent did not have the policy with him in Stephenson county, and the record does not show it has ever been in Illinois. The insurer is licensed to do business in this State.

The petition to vacate the order of appointment challenges the jurisdiction of the county court to appoint an administrator in this case. Thus, the issue is one of jurisdiction, and not whether, under the facts, it was unnecessary to make the appointment. Cases dealing with the latter question are of no assistance here. Appellee's case must stand or fall on the issue raised by the petition.

Section 18 of the Administration act (Ill. Rev. Stat. 1939, chap. 3, par. 18) provides that administration of the estates of all persons dying intestate shall be granted to some one or more of the persons thereinafter mentioned, giving the order of preference. The ninth clause is: "To the public administrator or to any creditor who shall apply

for the same." It is not controverted that if the county court had jurisdiction to appoint an administrator in this case it was proper to appoint the public administrator.

The principal contentions of appellee are that the *situs* of the insurance policy was not in this State, and that because the automobile had been disposed of there was no estate in Illinois to be administered; that under the law of this State a tort claimant is not a creditor; that a tort action against the estate is essentially different from the policy liability, which is analagous to suretyship, and neither of them is an asset of the estate, and that because there was no creditor and no estate the county court had no jurisdiction to appoint an administrator. There is no statutory requirement in this State that public administrators shall act only in administering the estate of a decedent who died seized or possessed of Illinois real estate or some interest therein.

At the time of the hearing to vacate the appointment, the court could not know there were no creditors of the estate. Obviously no such finding could be made until the statutory period for filing claims had expired. (*In re Estate of McWhirter*, 235 Ill. 607.) As a matter of fact the claim of a doctor for $50 for services to Thelma Brady on account of injuries received in the accident was on file against the Brady estate and the record does not show it has ever been acted upon. Appellant does not rely upon the fact that there was an automobile in the county as being an asset of the estate, or the doctor's claim as a debt, to establish jurisdiction, and it is unnecessary to discuss their aspects. She claims the insurance contract was an asset of the estate, cognizable as such by the county court, and as a tort claimant she is a creditor of the estate; that these facts gave the court jurisdiction, and the revocation of the appointment of the administrator was unauthorized.

The real issues concern the rights of all the plaintiffs, on the one hand, and those of the insurance company on

the other, in the three damage suits, which are all affected by the result of this proceeding. The parties are respectively represented by the same attorneys in this and the other suits. The value of the wrecked automobile is nominal. Procuring the appointment of an administrator in Illinois is frankly admitted to be for the purpose of ultimately reaching the proceeds of the insurance contract.

This court has not had occasion to pass upon the question at bar. Decisions in other jurisdictions are helpful. In *Robinson* v. *Dana's Estate,* 87 N. H. 114, 174 Atl. 772, 94 A. L. R. 1437, the Supreme Court of New Hampshire held that the protection afforded by a policy of liability insurance issued by an insurer who is suable in any county in a State where it is licensed to do business meets the jurisdictional requirements of estate in the county in which the appointment of an administrator of the estate of the insured is sought, for the purpose of bringing action on the liability insured against, without a showing there is other estate within the jurisdiction. The statute of New Hampshire provides that if the decedent was not an inhabitant of the State, administration "shall belong to the judge for any county in which such person had estate, or in which the personal representative or kin of such person has a cause of action."

The opinion in the *Robinson case, supra,* holds that probate courts do not have jurisdiction to determine the merits of a tort claim, but that the prerequisite of estate, upon which jurisdiction to appoint an administrator is conditioned, is satisfied by a claim of estate, irrespective of its probable merits, and the denial of an appointment because the claim is deemed to be without merit, would deprive other tribunals of jurisdiction rightfully theirs, and is unwarranted. It further holds that the promise of the insurer, even though not yet due until its conditions are fulfilled, is an obligation of a contractual nature, and is estate of the decedent, in the statutory meaning, owned by the

decedent when he died; and that in respect to enforcement, a chose in action does not follow the person of the creditor when the matter in hand is the enforcement of payment by a suit at law, and that for the purpose of collection a debt is always ambulatory, and accompanies the person of the debtor, quoting 11 Harvard Law Review, 101, and 5 R. C. L. 931.

Section 10 of the Wills act of this State (Ill. Rev. Stat. 1939, chap. 148, par. 10) provides: "For the purpose of granting administration of both testate and intestate estates, the *situs* of specialty debts shall be where the instrument happens to be, and of simple contract debts and other choses in action, where the debtor resides." A specialty is a contract under seal. (*Barrett* v. *Hinckley,* 124 Ill. 32.) The insurance policy in this case is not under seal, and is in the nature of a chose in action. (*Collins* v. *Metropolitan Life Ins. Co.* 232 Ill. 37.) The insurer, licensed to do business in this State, is regarded as a resident of Illinois. (*Friend & Co.* v. *Goldsmith & Seidel Co.* 307 Ill. 45; *Bank of North America* v. *Chicago, Danville and Vincennes Railroad Co.* 82 id. 493.) Therefore, the insurance contract has *situs* in Illinois. This reasoning is supported by *Lancashire Ins. Co.* v. *Corbetts,* 165 Ill. 592, where, in a garnishment proceeding by a non-resident under a fire insurance policy issued by a foreign corporation licensed to do business in Illinois, we noted the general rule that the *situs* of a debt follows the creditor, and the exception that, for the purpose of garnishment, the *situs* of the debt is changed and becomes that of the garnishee debtor. We held that the place of residence of the garnishee is of far more importance than the place of residence of the creditor in obtaining jurisdiction of the cause, and that the circuit court of Cook county had jurisdiction.

Appellee's claim that the *Robinson case* is not applicable here because it was governed by the provisions of the New Hampshire statute is untenable. Under the law of

Illinois, upon the death of an intestate the administrator takes the legal title to his personal estate as trustee for the payment of his debts, and when the debts are paid, the residue, if any, belongs to the heirs. (*People* v. *Brooks,* 123 Ill. 246.) The insurance contract, and the liability thereunder, are personal estate of the decedent with a *situs* in Stephenson county. Brady, if living, would have a cause of action against the insurer. His personal representative succeeded thereto. This puts this cause on the same footing as the New Hampshire statute.

The Supreme Judicial Court of Massachusetts in *Gordon* v. *Shea,* 14 N. E. (2d) 105, followed the reasoning and holdings in the *Robinson case, supra,* and upheld the appointment of an administratrix of a deceased nonresident, under like circumstances as in the case at bar, except that the decedent left no personal property in Massachusetts other than a similar insurance policy, and died after the damage suits were instituted. The opinion holds that the word "creditor," as used in the statute, includes a person having a claim for personal injuries against the deceased due to his negligence. The word "creditors" in the ninth clause of section 18 of our Administration act is used in the Massachusetts jurisdictional statute, which is comparable to section 18 of our Administration act. The same construction is given the word in *Ford* v. *Money's Estate,* 251 Mich. 461, 232 N. W. 393. We have held that the word "creditors" in the Statute of Frauds includes tort claimants. (*Bongrad* v. *Block,* 81 Ill. 186; *Walradt* v. *Brown,* 1 Gilm. 397.) In the Massachusetts case, as in the New Hampshire case, it is held that the object of appointing an administrator is not to determine the rights of the parties interested in the estate, but to have a legal representative of the estate within the commonwealth, against or through whom those rights may be asserted. *Howard* v. *Swift,* 356 Ill. 80, is not authority

for appellee's contention that a tort claimant is not a creditor of a decedent's estate. It merely holds that because of the limited jurisdiction of probate courts, claims *ex delicto* and contingent claims which have not developed into an absolute liability cannot be proved and allowed in the probate court. Jurisdiction to fix such liability is vested in courts of general jurisdiction. The appointment of the administrator in this case did not adjudicate any rights of the tort claimants. It operated only to furnish a legal representative against or through whom such alleged rights could be determined.

The Massachusetts court says the case before it is precisely within the authority of the well-reasoned opinion in the *Robinson case, supra.* The opinion cites with approval *New England Mutual Life Ins. Co.* v. *Woodworth,* 111 U. S. 138, 28 L. ed. 379, *Rice* v. *Metropolitan Life Ins. Co.* 152 Ark. 498, 24 A. L. R. 143, and other Massachusetts cases where administration was granted upon similar facts. It quotes the American Law Institute's Restatement, Conflict of Laws, section 467, to the effect that if the right of exoneration and indemnity under the policy would not be estate of the decedent until judgment was recovered against him in the tort action, the appointment of administrator would not be invalidated, because a judgment recovered subsequent to the appointment affords an occasion for the administrator to act and the appointment is valid.

In *Olson* v. *Preferred Automobile Ins. Co.* 259 Mich. 612, 244 N. W. 178, relied upon by appellee, a domestic insurance company, suable only in the county in which it had its principal business was sued in another county by the administrator of a deceased non-resident policyholder, against whom judgment had been recovered in a tort action, and who subsequently died in Wisconsin. The Michigan Supreme Court held that the court in which the suit was brought had no jurisdiction to appoint an adminis-

trator of the decedent's estate, because he could not have sued the insurance company in that county during his lifetime. Section 8(1) of the Civil Practice act (Ill. Rev. Stat. 1939, chap. 110, par. 132) provides that civil actions may be commenced against any private corporation in the county in which such corporation has its principal office or is doing business or "in which the transaction or some part thereof occurred out of which the cause of action arose." Paragraph 2 of the same section provides that civil actions against insurance companies may be brought in the county where the plaintiff resides. Obviously, paragraph 2 does not apply to non-resident plaintiffs. It is equally manifest · that the quoted words of paragraph 1 of section 8 apply to this case. It follows that if Brady were living, Stephenson county would be a proper jurisdiction for an action by him against the insurer on the policy of insurance. This right passed to his administrator as an asset of the estate. The *Olson case, supra,* is not persuasive here except from the implication that the insurer's liability is an asset in any county where the insurer is suable.

Because of the *situs* of the insurance contract in Stephenson county as an asset of Brady's estate, and the unsatisfied claims of creditors, the county court had jurisdiction and the duty to appoint an administrator so that the estate could be administered and settled as provided by law. Vacating the appointment was unauthorized.

The judgment of the Appellate Court is reversed and the judgment of the circuit court is affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of Circuit Court affirmed.*

STONE and WILSON, JJ., dissenting.