Belknap, } No. 3433.
Dec. 7, 1943. }

THOMAS W. POWER, *Adm'r of the estate of* John Thomas Power

*v.*

WAYNE M. PLUMMER, *Ancillary Adm'r of the estate of*

B. Frank Stodd.

THOMAS W. POWER, *Adm'r of the estate of* Robert Stodd

*v.*

SAME.

THOMAS W. POWER, *Adm'r of the estate of* Sophie Stodd

*v.*

SAME.

THOMAS W. POWER, *Adm'r of the estate of* Marie Adele Power

*v.*

SAME.

38

*Harold E. Wescott* (by brief and orally), for the plaintiff.

*Wayne M. Plummer, pro se,* furnished no brief.

*Devine & Tobin,* specially, by brief, for Marie Esther Stodd, Administratrix.

BRANCH, J.   The appointment of the defendant as administrator of the estate of B. Frank Stodd is not open to collateral attack in this proceeding.   *Ela's Appeal,* 68 N. H. 35.

It may be pointed out, however, that the ground upon which it is sought to be attacked is untenable.   It is conceded that, upon the date of his death in this state, B. Frank Stodd was the owner of an automobile which has ever since remained in this jurisdiction. This furnished a sufficient basis for the appointment of the defendant as administrator.   The defendant's argument that this automobile "would not seem of sufficient importance to warrant the issuance of administration papers" cannot be accepted.   The statute (R. L., c. 346, s. 8) contains no requirement as to the amount of the estate which the deceased must have left in order to justify the appointment of a personal representative in this State.

The subsequent admission of the Manufacturers Casualty Insurance Company to do business in this State brought that company within the jurisdiction of the Probate Court.   Its policy issued to B. Frank Stodd thereupon became an asset of his estate within this jurisdiction.   *Robinson* v. *Carroll,* 87 N. H. 114.   Assets of an estate brought here after the death of the owner confer jurisdiction of the subject matter upon the Probate Court and authorize it to charge an administrator with the property "in the exercise of its common law jurisdiction over the assets of deceased persons."   *Ela's Appeal, supra; Stearns* v. *Wright,* 51 N. H. 600.

The claim of Marie Esther Stodd, Administratrix, that the plaintiffs are barred from recovery because no suit at law was commenced

within the statutory period, is equally without merit. The statute in question provides as follows: "If an action [of tort for physical injuries] is not then pending, and has not already become barred by the statute of limitations, one may be brought for such cause at any time within two years after the death of a deceased party, and not afterwards." R. L., c. 355, s. 11. In this case the estate of B. Frank Stodd was decreed to be administered in the insolvent course. A commissioner of insolvency was duly appointed, and upon February 19, 1940, the claims of the plaintiffs were duly presented to him and disallowed. We have no hesitation in holding that the presentation of these claims to the commissioner in accordance with the statute (R. L., c. 356, ss. 7, 12, 17) was the commencement of "an action" within the meaning of the Statute of Limitations above quoted. *Coxe* v. *State*, 144 N. Y. 396, 411; *Commissioner* v. *Bristol &c. Ins. Co.*, 279 Mass. 325.

From the foregoing conclusions it follows that the motion of Marie Esther Stodd to dismiss these appeals must be denied.

*Motion denied.*

All concurred.