IN RE ESTATE OF GEORGE KRESOVICH, DECEASED.
ORVAL L. COX, SR., ET AL., APPELLEES, v. ANNE MARIE
KRESOVICH ET AL., APPELLANTS.
97 N. W. 2d 239

Filed June 19, 1959. No. 34509.

*Baylor, Evnen & Baylor* and *Warren K. Urbom,* for appellants.

*Healey, Davies, Wilson & Barlow* and *Kenneth Cobb,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This appeal grows out of a proceeding in the county court of Lancaster County, Nebraska, for the appointment of an administrator or, as denominated, an ancillary administrator of the estate of George Kresovich, deceased.

Prior to his death George Kresovich was domiciled in Cook County, Illinois. On or about August 8, 1954, he was operating an automobile owned by him in Cherry County, Nebraska, and while so doing his automobile collided with an automobile owned by one Orval L. Cox, Sr., and operated by one Orval L. Cox, Jr. Kresovich died as a result of the collision. As further results it is claimed that Lois Leanne Cox, age 2, a

daughter of Orval L. Cox, Sr., was injured; that Lois Norma Cox, his wife, was injured; that Steven Cox, age 15, son of Orval L. Cox, Sr., was injured; that George Cox, age 14, son of Orval L. Cox, Sr., was injured; that Orval L. Cox, Sr., was injured; and that the automobile of Orval L. Cox, Sr., a resident of El Cajon, California, was damaged. It is contended that the collision and alleged injuries and damages resulted from negligence of Kresovich.

At the time of the collision there was in full force and effect a policy of insurance wherein Kresovich was the named insured and the automobile he was driving was described. The policy was issued by Allstate Insurance Company. This policy provided for payment of all damages which Kresovich should become obligated to pay for bodily injuries or injury to or destruction of property. It provided further that no action would lie against the insurance company until after the liability of the insured should be determined by judgment after trial.

On July 27, 1956, Orval L. Cox, Sr., filed an application in the county court of Lancaster County, Nebraska, for the appointment of an administrator. In it he alleged the death of Kresovich in Cherry County, Nebraska. He alleged further that Kresovich was possessed of certain personal property including the insurance policy above referred to in Lancaster County, Nebraska. He alleged also that he was a creditor by reason of his claim for damages which has been mentioned herein. This was the basis for the application for the appointment of an administrator.

A hearing was had on the application and C. Russell Mattson was duly appointed administrator. Thereafter claims were filed by all of the parties who it was claimed were injured and damaged by the collision.

Thereafter Anne Marie Kresovich and Allstate Insurance Company filed petitions for revocation of the letters of administration and for abatement of the action or

proceeding. The stated grounds of the petitions are numerous but for the purposes of consideration here it was substantially alleged that the courts of Nebraska were without jurisdiction for the reasons that Kresovich was domiciled in the State of Illinois; that proceedings were had for the administration of his estate in the probate court of Cook County, Illinois, and that the only courts having jurisdiction to entertain the causes of action asserted by Orval L. Cox, Sr., in his application for appointment of an administrator were the courts of the State of Illinois; and that there was no estate of George Kresovich to administer in Lancaster County, Nebraska.

Anne Marie Kresovich and Allstate Insurance Company filed objections to venue in Lancaster County, Nebraska, on the ground that there was no estate, property belonging to, or debts owing to George Kresovich in the county, and particularly that the policy of insurance issued to Kresovich by the Allstate Insurance Company was not in the county.

A hearing was had and the county court sustained the petitions for revocation of the letters of administration and dismissed the proceeding. An appeal was taken from this judgment to the district court. The district court reversed the judgment of the county court and remanded the cause with directions to that court to set aside the order revoking the letters of administration and with further direction to hear and determine claims of creditors filed. From this judgment of the district court the appeal herein has been taken. The appeal is by Anne Marie Kresovich and Allstate Insurance Company.

It becomes clear from an examination of the record and the briefs that for the purposes of the consideration here no statement of facts is required in addition to the brief review already set out herein. As to those reviewed the parties are in substantial accord and they

furnish the basic background for the decision in this case.

The appellants in their statement of questions involved say: "Does an automobile indemnity insurance policy create a debt which becomes an estate of the deceased insured sufficient to create a basis for administration of his estate in the absence of a judgment against the insured or his representative on behalf of a creditor for a risk covered by the policy?"

There are other points in the statement but whether or not they require consideration depends upon the proper answer to this question.

So that there may be no confusion, it is pointed out that the question of venue or of the institution of proceedings in Lancaster County, Nebraska, rather than Cherry County, Nebraska, where the collision occurred, is not presented by the briefs. The question is limited to that of jurisdiction in Lancaster County because the Allstate Insurance Company, though an Illinois corporation, is under proper authority conducting its business there.

The answer to the question propounded by the appellants depends primarily upon whether or not an automobile indemnity insurance policy creates an asset of a deceased insured who is charged with tortious liability for injury and damage to a third person or persons growing out of the use and operation of the automobile described in the insurance policy, prior to a trial and adjudication of liability and damage in an action based upon the tort; whether or not, if the domicile of the deceased is in a jurisdiction other than the one where the tortious act and the death of the insured occurred, administration may be had and action maintained against the administrator to recover for injury and damage in the jurisdiction where the alleged tortious act occurred; whether or not the insurance liability of the insurer is at that location an asset of the insured; and whether or not administration may be had and

action maintained where the insurer is properly carrying on its business.

These propositions have not in their entirety been passed upon in this jurisdiction. This court however is committed to the theory that a cause of action for wrongful death is a sufficient estate or asset to justify the appointment of an administrator. In Missouri P. Ry. Co. v. Bradley, 51 Neb. 596, 71 N. W. 283, in dealing with this question, it was said: "The authority of the county court did not rest alone upon the few articles of personal property already mentioned which the deceased had upon his person when he died, since the cause of action against the railroad corporation was sufficient estate to justify the appointment of an administrator, had there been no other estate to be administered." No case has been found wherein there has been a departure from this pronouncement.

This court however has not passed upon the question of whether or not the liability, or claimed liability, of an alleged nonresident tort-feasor and his insurance carrier is an estate or asset sufficient to support the appointment of an administrator.

There are two diametrically opposed lines of authority in other jurisdictions. The leading cases wherein it was held that where there was only a charge of liability it could not be said that there was an estate or asset sufficient to support the appointment of an administrator are: In re Estate of Rogers, 164 Kan. 492, 190 P. 2d 857; In re Roche, 16 N. J. 579, 109 A. 2d 655; Wheat v. Fidelity & Casualty Co. of New York, 128 Colo. 236, 261 P. 2d 493. The courts of five other jurisdictions have rendered decisions bearing in some measure on this question and in some measure supporting it, but none of them are directly in point, hence they will not be cited herein.

The first of these three cases decided was In re Estate of Rogers, *supra*. The basic reasoning in the three cases is similar. In that light only the comments in that case

will be reviewed here. In that case the court, in the opinion, said: "The answer (to the question the court was called upon to decide) depends upon whether (1) the indemnity policy, prior to the establishment of the insured's liability for damages, by judgment or agreement, constitutes an asset of the insured's estate; and (2) if it does, is the situs of that asset in Kansas after the death of the insured or does its situs, upon his death, become fixed in the state of his domicile?" In answer the court took the position that the insured's liability for damages did not constitute and could not become an asset of his estate until after judgment or agreement of liability. It was held that the situs for enforcement of liability was the domicile of the deceased.

Attention is called to the fact that the pronouncement that the insured's liability is not an asset and would not support an administration proceeding in Kansas is contrary to the holding of this court in Missouri P. Ry. Co. v. Bradley, *supra.*

On the other side of the proposition are the following cases from the indicated jurisdictions: Robinson v. Carroll, 87 N. H. 114, 174 A. 772, 94 A. L. R. 1437; Gordon v. Shea, 300 Mass. 95, 14 N. E. 2d 105; In re Vilas' Estate, 166 Or. 115, 110 P. 2d 940; Furst v. Brady, 375 Ill. 425, 31 N. E. 2d 606, 133 A. L. R. 558; Liberty v. Kinney, 242 Iowa 656, 47 N. W. 2d 835; Miller v. Stiff, 62 N. M. 383, 310 P. 2d 1039; Kimbell v. Smith, 64 N. M. 374, 328 P. 2d 942. There are other cases cited which tend to support this viewpoint but which are not wholly in point. For this reason they are not set out here.

As was done with regard to the cases on the other side of the proposition involved here the reasoning on which the courts came to their conclusion will not be detailed herein. They each did however, as we interpret, hold that in an instance where a motorist who was domiciled in one state and had indemnity insurance, as was true in the case here, went to another state and had an accident which resulted in his death which

it was claimed flowed from a tortious act of such owner, and caused injury and damage to another or other persons, the insurance was an estate and asset of the deceased which was sufficient to permit and support administration in the jurisdiction where death occurred.

The main distinction between this and the cases holding to the contrary, again as we interpret, is that in the cases to the contrary it was concluded that the policy of insurance in and of itself was not an estate or asset and could not so become unless and until a right of recovery had been adjudicated in favor of a party injured and damaged and against the estate of the insured; whereas under this line of authority the contract of insurance was an asset owned by the insured from the date the contract was entered into, and remained such and followed him until his death, after which it became estate of the insured in the jurisdiction where he came to his death. In other words the contractual assumption of prospective liability of the insured by the insurer became an asset of the insured in his lifetime and of his estate on his death.

After consideration of the reasoning contained in the cases wherein the question of whether or not automobile indemnity insurance of a deceased alleged tortfeasor who came to his death in this state is an asset and estate of the deceased sufficient to sustain administration in this jurisdiction, the conclusion arrived at is that it is so sufficient and it is so determined. This reasoning finds support in Missouri P. Ry. Co. v. Bradley, *supra,* wherein, as already pointed out, it was held in effect that an unliquidated claim of liability in this jurisdiction amounts to an estate and asset which will support administration.

It appears pertinent to remark that it is difficult to see how the claimed liability of Kresovich could be treated as an asset and estate, but the insurance for which he contracted whereby that liability was transferred to the insurer, with authority of a person injured

and damaged to proceed directly against the insurer after judgment fixing liability and damage, could not be treated likewise as an asset and estate. Surely the insurance was an asset.

The assignments of error present the question of whether or not the insurance policy was a sufficient asset of the estate to provide a basis for administration in Lancaster County, Nebraska. The question of venue was before the district court by pleading but only the question of the state's jurisdiction as distinguished from venue has been presented here by argument in the briefs. Venue will not therefore be considered.

It appears to be conceded, though not with certainty, that if there is sufficient estate to be administered in this state administration is allowable in this jurisdiction. If in this connection we are mistaken, the interpretation of Missouri P. Ry. Co. v. Bradley, *supra,* of what is now section 30-314, R. R. S. 1943, is authority for permission of administration in any county in the state where there was estate to be administered.

The next question is that of whether or not, for the purpose of supporting administration, the insurance was an estate and asset of the decedent in the State of Nebraska.

The Allstate Insurance Company, in which the decedent was insured, is an Illinois corporation and at all times mentioned maintained an agency in Lincoln, Lancaster County, Nebraska. This is declared by appellants in their brief. Citation is not necessary in this light to say that it was subject to service of process in this county and state.

With regard to where proceedings could be maintained where a nonresident insured tort-feasor came to his death, it was substantially pointed out in Robinson v. Carroll, *supra,* that the proceedings could be maintained where the insurance company was amenable to process. The same position was generally taken in Gordon v. Shea, *supra;* In re Vilas' Estate, *supra;*

Furst v. Brady, *supra;* Liberty v. Kinney, *supra;* Miller v. Stiff, *supra;* Kimbell v. Smith, *supra.*

The precedent of these cases, if followed, makes of Lancaster County, Nebraska, the proper county and state within which to maintain the proceeding. They are sustained by sound reasoning and will be followed here.

It follows of course that the holding here should be and is that the district court did not err in overruling the judgment of the county court dismissing the administration proceedings.

The district court overruled the dismissal of the proceeding and also remanded the cause to the county court for further proceedings. The appellants requested of this court, if it found that the dismissal was not proper, that it require that the administrative proceeding be held for complete disposition by the district court instead of being remanded to the county court. In the brief of appellees no impropriety in a direction that the matter be heard in its entirety in the district court is suggested.

There would be no question about the propriety if the appeal from the county court was from some step taken with regard to a matter in a proceeding over which the county court clearly had administrative jurisdiction, instead of as here where the basic question is that of whether or not the county court had any jurisdiction to entertain or maintain the proceeding.

Section 30-1606, R. R. S. 1943, provides: "Upon the filing of such transcript (from the county court) in the district court, that court shall be possessed of the action, and shall proceed to hear, try, and determine the same, in like manner as upon appeals brought upon the judgment of the same court in civil actions; * * *." See, also, In re Estate of Marsh, 145 Neb. 559, 17 N. W. 2d 471; Rehn v. Bingaman, 157 Neb. 467, 59 N. W. 2d 614.

The case of Ribble v. Furmin, 71 Neb. 108, 98 N. W. 420, was one wherein a claim was filed in a valid administration proceeding. It was denied on the ground

that it was filed out of time and the court had no jurisdiction to entertain it. On appeal it was determined that it was not out of time. As to whether or not it should be sent back to the county court for trial, the court said: "A judgment of the district court upon such an appeal, remanding the cause to the county court with direction to 'permit the filing of the claim and to set a day for hearing, and to proceed to hear and pass upon the same,' is not the proper judgment, but a hearing in the district court on such claim should be had in the same manner as though the appeal had been from an order disallowing the claim upon hearing before the county court."

In Egan v. Bunner, 155 Neb. 611, 52 N. W. 2d 820, this court said: "It has long been established in this jurisdiction that county courts have exclusive original jurisdiction of all matters relating to the settlement of the estates of deceased persons, and that the only jurisdiction thereof which the district court can acquire is by appellate procedure. However, an appeal from the county court when perfected confers upon the district court in the matter appealed the same power possessed by the county court. After the district court becomes so possessed of the case, the county court has no further jurisdiction over the issues so removed. If there should be another trial of the case it must be in the district court which shall proceed to hear, try, and determine the same as provided by sections 30-1606, R. S. Supp., 1951, and 30-1607, R. R. S. 1943, and as provided therein the result, not the case itself, shall be certified back to the county court."

In the present instance, however, a petition for administration was filed. Thereafter claims were filed. After this the appellants filed their petitions for abatement and dismissal of the proceedings. The petitions were sustained. The claims of course followed the abatement and dismissal of the petitions. In the light of this it becomes apparent that the basic issue was

jurisdiction over the subject matter of the administration proceeding. The question then arises: Does the fact that claims were filed in the county court before that court held that it was without jurisdiction of the administrative proceeding and before appeal to the district court make them a part of the action within the meaning of the statute quoted and an issue in the matter from which appeal was taken within the meaning of Ribble v. Furmin, *supra*, and Egan v. Bunner, *supra?*

No direct answer has been found to this question in the cases from this court. The conclusion reached however is that reasonably it ought not to be said the mandatory declaration of law that county courts have exclusive original jurisdiction of all matters relating to the settlement of estates of deceased persons has been met in the absence of opportunity to present the merits of the claims.

This conclusion is not in real conflict with the holdings in Ribble v. Furmin, *supra*, and Egan v. Bunner, *supra*. In neither of those cases was jurisdiction of the proceeding in the county court brought into question. In the former there was a question of whether or not the district court was empowered to conduct a hearing and make a determination on a claim filed in a valid proceeding in the county court wherein in the county court it was held that no jurisdiction to hear the claim existed, but wherein there was a reversal by the district court. In the latter case also the jurisdiction of the administration proceeding was not brought into question.

The case of Anheuser-Busch Brewing Assn. v. Hier, 55 Neb. 557, 75 N. W. 1111, though not directly in point, appears to contain a statement of principle to which the matter involved here is related. In that case it was said: "A cardinal principle governing courts in the administration of justice is that the power to make valid orders is only co-existent with jurisdiction of the cause."

In the present case the only question before the dis-

trict court on appeal was that of whether or not the county court had jurisdiction of the administrative proceeding. No actual order was made which coexisted with the order of the county court abating and dismissing the proceeding. If it be said that the effectual dismissal of the claims by the determination upon the question of jurisdiction amounted to a coexistent order, it was not valid for the reason that it was inconsistent with the judicial denial by the county court of jurisdiction and contrary to the principle that valid orders are only those which are consistent with jurisdiction of the particular matter which is before the court for consideration. The county court was not therefore ousted of its original exclusive jurisdiction to hear and adjudicate the claims filed.

The request that the case be retained for the determination of issues by the district court should be and is denied.

The judgment of the district court is affirmed.

AFFIRMED.