Burke, J. (dissenting).
This attachment, levied upon an automobile liability policy issued in Canada to a Canadian motorist in a case where the accident occurred in Vermont, ought to be vacated as there was nothing in this State to which the levy could apply. The so-called “ debt ” which is supposed to be subject to attachment is a mere promise made to the nonresident insured by the foreign insurance carrier to defend and indemnify the Canadian resident if a suit is commenced and if damages are awarded against the insured. Such a promise is contingent in nature. It is exactly this type of contingent undertaking which does not fall within the definition of attachable debt contained in CPLR 5201 (subd. [a]), i.e., one which “ is past due or which is yet to become due, certainly or upon demand of the judgment debtor ”. The bare undertaking to defend and indemnify is not an obligation “ past due ” and it is not certain to become due until jurisdiction over the insured is properly obtained. In Hew York “ It is well settled that an indebtedness is not attachable unless it is absolutely payable at present or in the future, and not dependable upon any contingency. ’ ’ (Herrmann & Grace v. City of New York, 130 App. Div. 531, 535, affd. on opn. of Appellate Division 199 N. Y. 600; italics supplied.)
Paced with this long-established rule the plaintiffs indulge in circular ratiocination. The jurisdiction, they assert, is based upon a promise which evidently does not mature until there is jurisdiction. The existence of the policy is used as a sufficient basis for jurisdiction to start the very action necessary to activate the insurer’s obligation under the policy. In other words, the promise to defend the insured is assumed to furnish the jurisdiction for a civil suit which must be validly commenced before the obligation to defend can possibly accrue. “ This is a bootstrap situation.” (Professor D. D. Siegel, Supplementary Commentary to CPLR 5201, McKinney’s Cons, Laws of N. Y., Book 7B, 1965 Pamphlet, pp. 10-13.) It is indisputable that prior to the commencement of the suit the insurer owed no “ debt ” to the insured. The facts in Matter of Riggle (11 N Y *116 2d 73) and Gordon v. Shea (300 Mass. 95) illustrate the fallacy of plaintiff’s reasoning. The defendant in Riggle had been personally served and in both cases in personam jurisdiction over the defendants had been properly obtained before they died. There the obligation to defend had accrued and the insurers were actually defending the suit brought against the insured. At thaf time there was a “ debt ” within the meaning not only of estate law but also within the meaning of CPLR 5201. Moreover, where the defendants have been personally served there is no question of a “direct action” being instituted against the insurer.
The distinction between the definition of “ property ” in cases where an attachment is sought and in cases such as Riggle dealing with the appointment of an administrator is clearly set forth in Robinson v. Carroll (87 N. H. 114) and Furst v. Brady (375 Ill. 425).
In Bobinson, where no action on the insurance policy had yet been commenced, the court stated (p. 117) that the promise of the insurer even though “it is not yet due * * * until its conditions are fulfilled ’ ’ — thus contingent in nature — is nevertheless “ estate ” of the decedent within the limited meaning of the statute governing the appointment of an administrator. On the contrary, under our statutes " a contingent right which did not ripen into an obligation ’ ’ may not be the basis for an attachment to supply jurisdiction. (Dutch-Amer. Mercantile Corp. v. Safticraft Corp., 17 A D 2d 421, 423; Sheehy v. Madison Sq. Garden, 266 N. Y. 44, 47.) In Furst v. Brady (375 Ill. 425), another “ estate ” case which followed the rationale of the New Hampshire court in Bobinson, the court pointed out that no rights are adjudicated simply by the appointment of an administrator and that such an appointment is based on the existence of an “ estate ” in the narrow sense attributed to that word within the meaning of statutes governing administrators. Accordingly, the standard for determining whether there is any property in the State for the purposes of appointment of an administrator differs considerably from the criteria set down by the language of our attachment statutes. In the estate administration cases, where personal service on the defendant was not made, the promise even though admittedly contingent in nature was deemed sufficient property to constitute “ estate ” because *117 no rights were determined by such an appointment. Under our statute, however, all rights in question are dependent on the debt being past due or certain to become due so as to constitute property that may be attached. To base jurisdiction on the mere existence of an automobile liability policy, even though the promises in it are not yet due, is to allow a direct action against the insurer.
The argument is made that several debts do accrue as soon as the insurer receives a notice of an accident. The first alleged obligation—the agreement “ to investigate and if expedient to negotiate or settle with the claimant ’ ’— cannot be construed to impose a duty on the carrier which would amount to a “ debt ” under CPLR 5201 (subd. [a]). It is not an absolute commitment but one left solely within the discretion of the carrier as it necessarily must be because of the enormous number of notices of accident filed. The second alleged obligation under Insuring Agreement B, dealing with medical payments, has no relation to the third-party liability agreement under which these plaintiffs claim. The medical payment insuring agreement, like the collision insuring agreement, is a separate agreement and runs only in favor of the insured and the passengers in his car. It is also contingent upon submission of acceptable written proof, oftentimes required to be under oath, together with executed authorizations from each injured person to scrutinize his medical reports and permission for a personal physical examination of each person. Apart from the undeniable fact that this section of the policy has no relevance to the gravamen of plaintiffs’ cause of action, the obligation to the insured is a conditional type, not absolute as specified by the statute and thus not attachable for jurisdictional purposes.
Not only does the text of CPLR and the contingent nature of an automobile liability policy dictate a vacatur of the warrant of attachment but, where the grounds to obtain jurisdiction are tenuous, public policy should restrain us from approving, under the guise of “ in rem ’ ’ jurisdiction over a nonresident motorist, “a direct action” against a foreign insurer licensed to do business in this State on a policy issued in Montreal to a resident of Quebec, Canada, for damages resulting from, a .Vermont accident.
*118 The order appealed from should be reversed and the certified question answered in the negative.
Judges Fuld, Van Voorhis and Keating concur with Chief Judge Desmond; Judge Burice dissents in an opinion in which Judges Scileppi and Bergan concur.
Order affirmed, etc.