IN RE ESTATE OF MARGARET L. KANDLBINDER, DECEASED. RAYMOND K. CALKINS, ADMINISITRATOR OF THE ESTATE OF JOHN W. PARDE, DECEASED, ET AL., APPELLANTS, V. DONALD R. WITT, ADMINISTRATOR OF THE ESTATE OF MARGARET L. KANDLBINDER, DECEASED, ET AL., APPELLEES.

159 N. W. 2d 199

Filed May 24, 1968. No. 36835.

Healey & Healey and Leslie H. Noble, for appellants.

Baylor, Evnen, Baylor & Urbom and Robert T. Grimit, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

In a Kansas automobile collision a Nebraska resident and decedent Margaret Kandlbinder, domiciled in a foreign state, were killed. Decedent, otherwise with no property or Nebraska contacts, was covered by a California issued foreign insurance policy of liability insurance, which company had a local agent and was doing business and was reachable by process in Lancaster County, Nebraska. The problem involved is whether the doctrine of Cox v. Kresovich, 168 Neb. 673, 97 N. W. 2d 239, authorizes administration and litigation of the tort claim of the Nebraska decedent in this state.

In Kresovich, a nonresident decedent was killed in an automobile collision in this state. Jurisdiction for administration of a nonresident decedent's estate requires property in this state (section 30-314, R. R. S. 1943). In Kresovich we held that a tort-feasor decedent's ownership of an automobile liability policy, with the insurer reachable by process in this state, justified administration and litigating the tort claim against the estate. Noting the conflict in authority, this court rejected the contention that the contingent liability of the insurance company and the postponement of the right of action until the tort claim had ripened into judgment, precluded a holding that the insurance contract was an asset of the estate. Our holding was based on the reasoning that the contractual assumption of prospective liability of the decedent insured was an asset of the deceased during his lifetime and of his estate on his death. As to

whether such claim was an asset in the State of Nebraska, in Kresovich we held that it was, because the insurer, as here, was amenable to process in this state.

The soundness of the reasoning and authorities cited in Kresovich is demonstrated by the later and recent cases. In In re Estate of Gardinier, 40 N. J. 261, 191 A. 2d 294 (1963), the Supreme Court of New Jersey overruled In re Roche, 16 N. J. 579, 109 A. 2d 655 (1954), one of the cases cited in Kresovich as supporting the no-asset holding. In doing so it stated its rationale and the review of the authorities as follows: "Hence we must face the question whether Roche should be followed. We think it should not, for the reasons we have given. We add that the decided weight of authority elsewhere holds the policy of insurance will support letters of *administration as to a nonresident in a state in which the carrier is authorized to do business.* Campbell v. Davis, Ala., 145 So. 2d 725 (Sup. Ct. 1962); Tweed v. Houghton, 103 Ga. App. 57, 118 S. E. 2d 496, 135 A. L. R. 558 (Ct. App. 1961); Furst v. Brady, 375 Ill. 425, 31 N. E. 2d 606 (Sup. Ct. 1940); In re Lawson's Estate, 18 Ill. App. 2d 586, 153 N. E. 2d 87 (D. Ct. App. 1958); In re Fagin's Estate, 246 Iowa 496, 66 N. W. 2d 920 (Sup. Ct. 1954); Liberty v. Kinney, 242 Iowa 656, 47 N. W. 2d 835 (Sup. Ct. 1951); Gordon v. Shea, 300 Mass. 95, 14 N. E. 2d 105, (Sup. Ct. 1938); In re Kresovich's Estate, 168 Neb. 673, 97 N. W. 2d 239 (Sup. Ct. 1959); Power v. Plummer, 93 N. H. 37, 35 A. 2d 230 (Sup. Ct. 1943); Robinson v. Dana's Estate, 87 N. H. 114, 174 A. 772, 94 A. L. R. 1437 (Sup. Ct. 1934); Kimbell v. Smith, 64 N. M. 374, 328 P. 2d 942 (Sup. Ct. 1958); Miller v. Stiff, 62 N. M. 383, 310 P. 2d 1039 (Sup. Ct. 1957); In re Riggle's Estate, 11 N. Y. 2d 73, 226 N. Y. S. 2d 416, 181 N. E. 2d 436 (Ct. App. 1962); In re Vilas' Estate, 166 Ore. 115, 110 P. 2d 940 (Sup. Ct. 1941); Davis v. Cayton, 214 S. W. 2d 801 (Tex. Civ. App. 1948); In re Breese's Estate, 51 Wash. 2d 302, 317 P. 2d 1055 (Sup. Ct. 1957); see in re Klipple's Estate, 101 So. 2d 924, 67 A. L. R. 2d 932

(Fla. D. Ct. App. 1958); In re Leigh's Estate, 6 Utah 2d 299, 313 P. 2d 455 (Sup. Ct. 1957)." (Emphasis supplied.)

It is true that in most of these cases, as in Kresovich, that the situs of the accident or tort claim was in the same state where administration was sought. This, of course, is a normal coincidence. But the rationale of the decisions supporting administration, including Kresovich, is not based on this fact. And it has not been pointed out to us where there is any rational connection between the situs of the tort claim and the issue of the determination of assets for the purpose of administration. An accident does not produce assets in a tort-feasor, but a contractual claim against a reachable insurer does. We note further that in most of the cases cited above, the residence of the claimant was in the state where administration was sought, as it is in this case, but that in Kresovich the court granted administration even when the claimant was a nonresident administrator.

Since the decedent has no residence or personal contacts in Nebraska, a sophisticated argument is presented as to the doctrine of "forum non conveniens." A decedent's claim is an asset within a state if there is jurisdiction over the person or property of the one against whom the decedent may assert the claim. Restatement, Conflict of Laws, § 467, p. 565, comment e. Within the meaning of due process it is recognized that a state has a legitimate interest in all insurance policies protecting its residents against risks, an interest which the state can protect even though the "state action may have repercussions beyond state lines." Travelers Health Assn. v. Virginia ex rel. State Corp. Com., 339 U. S. 643, 70 S. Ct. 927, 94 L. Ed. 1154. See, also, Osborn v. Ozlin, 310 U. S. 53, 60 S. Ct. 758, 84 L. Ed. 1074; International Shoe Co. v. Washington, 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95, 161 A. L. R. 1057. Piercing the form to the realities of this situation, the insurance company should be required to respond in forum where its contractual risk reaches and where it does business. The

policy protects Nebraska residents no matter where an accident occurs and the tort action resulting therefrom is transitory in nature  The tort-feasor claimant resides in Nebraska and the insurer is in the business of contracting for risks in the State of Nebraska.  If the burden of litigation is a public policy consideration in the determination of the forum non conveniens, that burden is equal in the State of Nebraska.  This is a transitory tort action and in any realistic sense we see no reason why the ultimate determination of liability should not be permissible in this forum the same as if the decedent were alive and reachable by process in this state.  We have so held.  See, Missouri P. Ry. Co. v. Bradley, 51 Neb. 596, 71 N. W. 283; Missouri P. Ry. Co. v. Lewis, 24 Neb. 848, 40 N. W. 401, 2 L. R. A. 67.

While we have reached the issues presented on the merits, this case is reversed solely on the procedural issue.  In the county court the deceased's spouse and the insurer, the Farmers Insurance Group, objected to administration on the grounds that there were no assets of the deceased ("no property of or debts") in Lancaster County, Nebraska.  These objections were overruled and the county court found that deceased left an estate in Lancaster County.  No appeal was taken from this finding or the order granting administration.  The tort claim was filed, denied, and on appeal to the district court from disallowance of the claim, the same parties in district court collaterally attacked the jurisdiction of the county court for the same reason—that there were no assets of the deceased in Nebraska.

The appellee's contention was decided in Missouri P. Ry. Co. v. Bradley, *supra*.  In an almost identical situation as present in this case, this court held as follows: "Where the want of authority to make the appointment is disclosed by the record the validity of the letters of administration may be questioned collaterally.  But if such letters are issued on the estate of a deceased person by a *court of competent jurisdiction upon a petition*

*containing proper allegations, and the requisite notice has been given, they cannot be collaterally attacked, but are binding until reversed, vacated, or revoked in a proper proceeding."* (Emphasis supplied.)

The case here is much stronger than in Missouri P. Ry. Co. v. Bradley, *supra*, because the appellees litigated the fact issue of the existence of assets in the county court. The county court had jurisdiction of the subject matter and determined the fact issue between the same parties. The order granting administration was an appealable order. In re Appeal of Miller, 32 Neb. 480, 49 N. W. 427. No appeal was taken. The appellees are now precluded by the rules of res judicata from relitigating the issue of the existence or absence of that fact. A question of fact once litigated on its merits is settled as to the litigants and may not be relitigated directly or collaterally by the litigants or their privies. Frey v. Hauke, 171 Neb. 852, 108 N. W. 2d 228. A court's jurisdiction of the subject matter may be raised directly or collaterally but here the matter of fact of the existence of an asset was litigated and the determination became final. To permit relitigation and redetermination would violate the first principles res judicata and the necessity for finality in the litigation of fact issues.

The district court was in error in finding that it had no jurisdiction to hear and determine the appeal from the disallowance of the claim herein. Consequently, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.