In re Estate of Samuel R. Mahan, Deceased.
Gulf Transport Company, Appellee, v. Lacy Mahan and Illinois National Casualty Company, Appellants.

Term No. 50M12.

Heard in this court at the May term, 1950. Opinion filed September 20, 1950. Released for publication October 20, 1950.

CONN & CLENDENIN, of Sparta, for appellants.

GILSTER & EBERS, of Chester, for appellee.

MR. JUSTICE BARDENS delivered the opinion of the court.

This case comes to this court on an agreed statement of facts and points of law in conformity with our rule No. 5. Samuel R. Mahan, a resident of the County of Randolph, Illinois, died April 18, 1948, from injuries received that day in a collision which occurred in Randolph county, Illinois, between an automobile owned and operated by him and a bus owned and operated by the Gulf Transport Company, a corporation. Letters of administration in his estate were issued by the county court of Randolph county, Illinois, on May 3, 1948, to Lacy Mahan, his son.

May 17, 1948, an inventory was filed disclosing assets of the estate valued at $15,329.59 free and clear from all liens and other encumbrances. A public liability insurance policy issued by the Illinois Casualty Company to the decedent covering the operation of his automobile was not inventoried. Claim date was properly published and on February 21, 1949, said administrator filed his final report showing $1,830.55 disbursed for all

473

costs, fees and charges against said estate, leaving the balance thereof to be distributed to the heirs. Said report was approved, the estate closed and the administrator discharged on May 7, 1949.

August 1, 1949, the Gulf Transport Company, petitioner-appellee, filed a petition in the county court of Randolph county, Illinois, praying that the estate be reopened and the administrator reappointed in order that it might bring suit to recover for the damages sustained to its bus in the above-mentioned collision by reason of the alleged negligence of the decedent. The petitioner alleged that the above-mentioned public liability insurance policy had not been inventoried as an asset of the estate but admitted that all other assets of the estate had been properly inventoried and that this suit was brought solely for the purpose of reaching the proceeds of said insurance policy. The former administrator of said estate and the Illinois National Casualty Company, respondents-appellants, filed a motion to dismiss said petition on the grounds that a contract to indemnify and exonerate was not an asset of the estate of a decedent within the meaning of paragraph 356 of the Probate Act (Ill. Rev. Stat. 1949, ch. 3, par. 356 [Jones Ill. Stats. Ann. 110.453]), that it appeared on the face of the petition that all assets of the estate had been properly inventoried within nine months next following the issuance of letters and that the petitioner was guilty of laches.

On October 21, 1949, the county court dismissed the petition to reopen the estate. On appeal duly taken to the circuit court of Randolph county, Illinois, that court overruled the motion to dismiss and allowed the prayer of the petition to reopen the estate.

Two questions are presented to this court; namely, are the rights of a decedent owner of a public liability insurance policy covering the operation of his automobile an asset or part of the estate of a decedent,

and, under the facts here presented, is the petitioner guilty of laches.

The first contention cannot be considered since our Supreme Court has already passed on this question. *Furst v. Brady,* 375 Ill. 425. Both litigants to this action cite this case as authority for their contentions. A careful reading of this opinion reveals that our Supreme Court squarely held that the automobile casualty insurance policy was an asset of the estate. Otherwise there was no property of the decedent with a situs in Illinois that could have conferred jurisdiction on the probate court. We perceive no reason to qualify this doctrine merely because said insurance policy was not inventoried within nine months.

Appellants also urge that appellee has been guilty of laches. The basis for this contention is that the appellee has waited until the claim for wrongful death, which existed in appellant, is now barred by statutory limitation. Appellee, however, was under no obligation to commence a suit in time for appellants to file a counterclaim. Appellants' right to file an original action under the wrongful death statute existed independently of any suit that could have been filed by appellee. There is no showing of any conduct that induced appellants not to file an original action under the wrongful death statute and therefore there is no merit in the contention of laches.

For the reasons stated, the decision of the circuit court of Randolph county, Illinois, is affirmed.

*Judgment affirmed.*

SCHEINEMAN, P. J., and CULBERTSON, J., concur.