In the Matter of the Estate of George E. Nave, Deceased.

Gen. No. 10,492.

Opinion filed July 12, 1951. Released for publication August 1, 1951.

WARNER & WARNER, of Dixon, for appellant; HENRY C. WARNER, and GEORGE F. NICHOLS, both of Dixon, of counsel.

CAREY R. JOHNSON, and JOSEPH R. PETERSON, both of Princeton, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On March 20, 1950, Wilbur Burhenn filed a petition in the county court of Bureau county for Letters of Administration in the Estate of George E. Nave, deceased. A motion to dismiss the petition was filed on behalf of the heirs, and at the hearing of said motion, leave was granted to amend the petition. On April 18th, an amended petition was filed by Burhenn. The petition alleges that George E. Nave died intestate on April 28, 1948; that Letters of Administration were issued on May 12, 1948 by the county court of Bureau county; that the estate was closed on March 28, 1949; that the deceased died seized and possessed of real estate of a value of $4,600 and personal estate of the value of $3,295; that in addition a supplemental inventory was filed of a certain policy of insurance for personal liability and property damage and that certain personal property was not inventoried, consisting of furniture, clothing, hand tools and a damaged truck; that the decedent left surviving him his wife, Mary Louise Nave, two sons, George Louis Nave and Andrew Higgins Nave, and two daughters, Mary Louise Nave and Nancy K. Nave and that the petitioner is an interested person by virtue of the fact that he possesses a cause of action against George E. Nave, deceased, for personal injuries and property damage arising out of a collision between the truck of Nave and the car of petitioner, which took place April 27, 1948, in La Salle County.

The appellees who are the widow and children of George E. Nave, deceased, filed a motion to dismiss the amended petition. Upon a hearing their motion was overruled with leave granted to file an amended motion. On April 24, 1950, appellees filed an amended motion to dismiss, or in the alternative to strike, or in the alternative to require the petitioner to make his petition more definite and certain, or in the alternative to enter judgment in their favor.

90

The motion attacks the petition upon grounds that the petitioner does not allege sufficient facts to justify the filing or invoke the jurisdiction of the probate court; that the petition did not allege facts but mere conclusions; that the petition did not allege the value of the uninventoried personal property; that the insurance policy had been inventoried and therefore was not uninventoried, undisclosed or after discovered property; that the files in the estate shows that claim day was had as required by law; that an inventory had been filed and approved as required by law and that said inventory set forth all of the estate of the decedent. With reference to the allegations of the petition that there were uninventoried assets the motion and supporting affidavit denied certain of the allegations but admitted that the decedent had owned 2 shirts, 2 pair underwear, 3 pair sox, 2 pair shoes, 3 pair overalls having no value, a pair of khaki pants having a value of $1, a 1936 Chevrolet closed-box truck of a value of $75 and hand tools of a value of $5. The supporting affidavit further alleged that the decedent's widow had paid $708.44, costs of administration and funeral expenses.

On April 18, 1950, the county court dismissed the petitioner's amended petition at the petitioner's cost, and directed that the petitioner go hence without day. An appeal was perfected to the circuit court. On November 16, 1950, the circuit court entered its order dismissing the amended petition at the petitioner's cost and directing that the petitioner go hence without day. From this order dismissing the amended petition the petitioner has perfected an appeal to this court.

It appears from the pleadings in the case that there is now in the Estate of George E. Nave, deceased, personal effects in the amount of $81, and as the petitioner alleges a policy of insurance that would rightfully belong to the estate in the event that he

should procure a judgment against the defendants' estate for personal injuries. Appellant says he contemplates bringing a suit as soon as an administrator is appointed, so he can defend the action.

Appellees insist that the petition does not allege facts, but conclusions and that the court therefore justly sustained their motion to strike the same. From a reading of the petition it seems clear that the appellant had but one thing in mind, and that is to have somebody appointed administrator of George E. Nave's estate so that he could bring a suit against him for the damages which he claims that he sustained through the negligence of George E. Nave in an automobile collision occurring in La Salle county, Illinois. This gave the appellees all the necessary information which they needed in regard to the reason that Burhenn was petitioning the County Court to have someone appointed administrator of said estate. The appellant in his argument, relies strongly upon *Furst v. Brady,* 375 Ill. 425, and *In re Estate of Mahan,* 341 Ill. App. 472. The appellees attempted to distinguish the present case with the facts and circumstances in these two cases. No two cases are exactly alike, but the principle of law laid down in both of these two cases seems applicable to the facts and circumstances in the present case. While the uninventoried property in the present case is only $81, the principle of law involved would be the same as if the estate were valued at $8,000. Appellant's claim for personal injury against the deceased, due to his negligence, is in law a person having a claim against the estate. *Furst v. Brady, supra,* and *In re Estate of Mahan, supra.* Whether the appellant could collect anything from the insurance policy in the present case, or anything from the estate aside from the $81, in the event he procured a judgment against the Estate of George E. Nave, deceased, is immaterial so far as his right to have an

92

administrator appointed. That matter would have to be litigated in a different manner from this proceeding.

It is our conclusion that the circuit court erred in dismissing the petition, as the appellant had a right to have the estate reopened.

*Judgment reversed and cause remanded.*